**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

In Re:                                                     3:20-cv-705 (KAD)

Johnny Ray Moore, Appellant

Vs.

Roberta Napolitano, Chapter 13 Trustee

Appellee                                          October 29, 2020

**BRIEF OF THE APPELLEE**

**ROBERTA NAPOPLITANO CHAPTER 13 STANDING TRUSTEE**

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT DISTRICT OF
CONNECTICUT AT BRIDGEPORT

CASE 19-51257

Counsel for the Appellee
Patrick Crook
ct 07670
Roberta Napolitano, Trustee
10 Columbus Blvd.
Hartford, CT 06106
860-278-9410 x130
pcrook@ch13rn.com

Table of Contents

STATEMENT OF THE ISSUES                              4

STATEMENT OF THE CASE                               4

SUMMARY OF THE ARGUMENT                             6

LEGAL ARGUMENT                                      7

CONCLUSION                                          15

Table of Authorities

CASES

In re Barcal, 213 B.R. 1008, 1013-14 (8th Cir. BAP 1997)                    8

In re Blaise, 219 B.R 946, 949,950 (2nd Cir. BAP 1998)                     4

In re Casse, 198 F.3d 327, 336-40 (2d Circuit 1999)                        11, 12

In re Ciarcia, 578 B.R. 495, 499 (Bkrtcy. D. Connecticut 2017).            7
In re Harbaugh, 153 B.R. 54, 55 (Bankr.D.Idaho 1993)                       8
In re Jerome, 112 B.R. 563, 566 (Bankr.S.D.N.Y.1990)                       8
Johnson v Home State Bank, 501 U.S. 78, 82-4; 111 S.Ct. 2150, 2153-4 (1991) 8
In re Knight, 55 F.3d 231, 235 (7th Cir.1995)                              8
In re Mazzeo, 131 F.3d 295, 305 (2nd Cir. 1997)                            8
Midland Funding, LLC v Johnson, 137 S.Ct. 1407, 1412 (2017)               9
In re Milford Connecticut Associates, L.P., 404 B.R. 699, 705 (D.Conn. 2009) 4
Nobleman v. American Savings Bank, 113 S.Ct. 2106, 2108 (2002)            10
In re Peia, 204 B.R. 310 (Bkrtcy. Connecticut 1996)                       12
In re Pond, 252 F. 3d 122, 127 (2nd Cir 2001)                             10
Smith v Rojas (In re Smith, 435 B.R. 637, 649 (9th Cir. BAP 2010).        7
In re Rumbin 18-31424, Memorandum of Decision and Ruling, (ECF 65)         7,9

In re Shukla, 550 B.R. 204, 210 (Bkrtcy. E.D.N.Y. 2016).                   7

In re Slack, 187 F.3d 1070, 1074 (9th Cir. 1999)                          8

Tennessee Pub.Co. v. Am. Nat. Bank, 299 U.S. 18, 22, 57 S.Ct. 85, 87(1936) 13

In re Toronto, 165 B.R. 746, 752 (Bkrtcy. Connecticut 1994)               8

United States v. Verdunn, 89 F.3d 799, 802 (11th Cir.1996)                8

VFB LLC v Campbell Soup Co., 482 F.3d 624, 636 (3rd Cir. 2007)            14

Virgin Atlantic Airways, Ltd. v National Mediation Board, 956 F.2d 1245, 1255
 (2nd. Circuit 1992).                                                      15


STATUTES

11 USC 102(a)(1)                                                          14

11USC 105                                                                 11

11 USC 109                                                                7,14

11 USC 349                                                                11

RULES

Federal Rule of Evidence 801(d)(2)                                        15

Federal Rule of Evidence 902(5)                                           15

**STATEMENT OF THE ISSUES**

Should the ruling of the Honorable Julia A. Manning, Chief United States Bankruptcy Judge, dismissing the Chapter 13 filing of Appellant with the prejudice of a three year bar on future filings, (ECF 136) be sustained and affirmed on appeal?

Should the ruling of the Bankruptcy Court denying Appellant's Motion for a New Trial (ECF 147) and the order be sustained and affirmed on appeal?

The Trustee argues that the rulings should be sustained.

The Trustee agrees that the United States Bankruptcy Court for the District of Connecticut had jurisdiction of the Appellant's underlying case and that this court has jurisdiction of the appeal.

The decision of the court should be reviewed under the abuse of discretion standard.  In re Blaise, 219 B.R 946, 949,950 (2nd Cir. BAP 1998) cited In re Milford Connecticut Associates, L.P., 404 B.R. 699, 705 (D.Conn. 2009).

**STATEMENT OF THE CASE (ECF references to underlying bankruptcy case)**

Appellant filed the underlying Chapter 13 bankruptcy petition on September 20, 2019.  As set out at some length in the Appellant's brief, it was the third bankruptcy filing by the Defendant. (ECF 7).

On the Appellant's bankruptcy petition (Official Form 101) (ECF 1 at page 2) the Appellant, in box 5 headed "Where you live" listed the address of 15 Sachem Drive in Shelton Connecticut. At page 6 the Appellant signed the petition declaring "under the penalty of perjury that the information provided is true and correct."  At the beginning of Schedule A/B, Official Form 106A/B, (ECF 1 at page 11) the Appellant listed 15 Sachem Drive and described it as a single family home and "PRIMARY RESIDENCE".  The Appellant went on to list eight other pieces of real estate, including two time shares.  With the exception of the time shares these other

4

properties were all described as "Investment property."  Five of the properties were also described as "Duplex or multi-unit building."

Official Form 106D, Schedule D (ECF 1 at pages 24-5) is where the Appellant is to state claims secured by his property.  Appellant appears to list five such claims but fails to state an amount for any of the claims.  Only two of the properties show a value.

On official form 106G Schedule G (ECF 1 at page 32-3) the Appellant lists as executory contracts or leases eight oral leases for residential properties.

On official form 106I, Schedule I (ECF 1 at pages 36 and 37) the Appellant shows household income of $20,309.00 monthly.  On official form 106J, Schedule J (ECF 1 at pages 38 to 40) the Appellant lists monthly expenses of $10,306.00.  It is significant that the Appellant fails to show any expense for mortgage payments.

On Official Form 106Dec (ECF 1 at page 41) the Appellant declares under penalty of perjury that the schedules listed above have been read by him and are true and correct and has signed the Declaration.

Creditors of Appellant filed proofs of claim pursuant to 11 USC section 501. Seven claims were filed, Claims One through Seven on the Bankruptcy Court's claims register and all were filed as secured.  Simple arithmetic shows that secured claims total $1,793,380.52.  The motion to dismiss did contain a mathematical error in that regard that did not affect the outcome.

Proof of Claim 6 was filed as a Secured Claim in the amount of $1,184,764.98. The mortgage deed attached to the Proof of claim as an Exhibit (Proof of Claim 6 at page 36) states that the proof of claim is secured by property at 15 Sachem in the Town of Shelton.  As noted above the Appellant, in documents filed with the Bankruptcy Court in the case below and signed under penalty of perjury, indicated that the property was his residence.

On December 11, 2019 the Chapter 13 Standing Trustee filed a motion to dismiss the underlying bankruptcy. (ECF 37). The motion was based on the Appellant exceeding the secured debt limit for Chapter 13 filings, the filing of multiple bankruptcies while foreclosures pended in state court and the failure to file a confirmable plan.

On January 7, 2020 (ECF 57) the Appellant filed his objection to the motion to dismiss. A hearing was duly noticed and on February 25, 2020. The Appellant had a full opportunity to be heard. A memorandum of decision was issued (ECF 136). The court found that the Debtor exceeded the debt limits for Chapter 13, was unable to propose a confirmable plan, was re-litigating arguments found to be not supported by the Bankruptcy Code in a prior case, and was using the underlying bankruptcy case to frustrate pending state court foreclosures.

A motion for a new trial (ECF 143) was filed on March 24, 2020. It appears that the Appellant premised his motion on the belief that the court should hold evidentiary hearings on his objection to proofs of claim prior to dismissal. The motion was denied (ECF 147) on May 6, 2020.

## SUMMARY OF THE ARGUMENT

Dismissal of the case was proper given that the Debtor clearly exceeded the debt limit. The fact that the Appellant disputes certain claims is irrelevant for the purpose of computing debt limits. The Appellant would be unable to use a motion to determine secured status to reduce his secured claims to a level below the debt limit. Given the failure to propose a confirmable plan, the re-litigation of issues raised in prior cases and the use of multiple filings combined with the existence of pending foreclosures it was well within the discretion of the Bankruptcy Court to impose a bar on future filings. The findings of the Bankruptcy were grounded in facts set out in the record of the Appellant's bankruptcy filings and the docket of the Connecticut Superior Court and the Bankruptcy Court was entitled to rely on them without the need for further hearing.

## LEGAL ARGUMENT

**Exceeding the secured debt limits**

Section 109 of the Bankruptcy Code is titled Who May Be a Debtor and in section 109(e) clear

limits are set on the amount of secured and unsecured an individual may have and still utilize

Chapter 13.  Non contingent liquidated secured debts must total less than $1,257,850.00. It

states in relevant part:

**(e)** Only an individual with regular income that owes, on the date of the filing of the petition,
noncontingent, liquidated, unsecured debts of less than $419,275 and noncontingent, liquidated,
secured debts of less than $1,257,850, or an individual with regular income and such individual's
spouse… may be a debtor under chapter 13 of this title.

The Appellant's secured claims add up to $1,793,380.52. The Appellant clearly could not

remain in a Chapter 13. It is the Appellant's burden to establish that the debt limitations are met.

In re Shukla, 550 B.R. 204, 210 (Bkrtcy. E.D.N.Y. 2016).  Where a debtor exceeds debt limits

dismissal is proper.  Smith v Rojas (In re Smith, 435 B.R. 637, 649 (9th Cir. BAP 2010).  A

finding of lack of good faith would also support the dismissal of the case. In re Ciarcia, 578 B.R.

495, 499 (Bkrtcy. D. Connecticut 2017).

**Claims disputed by the Appellant Count Towards the Debt Limit**

Appellant argues that the court should first have heard his numerous objections to the proofs of

claim filed in this case, prior to any decision on the motion to dismiss.  However, the law is clear

that disputed claims count toward the debt limit.  If the basis of the debt limit is to ensure that

Chapter 13 cases remain straight forward consumer debt restructuring conducted efficiently and

at relatively low cost, then bringing in numerous disputed claims will not support that goal. It is

not surprising that Appellant's filing, involving nine pieces of real estate, six of them investment

and five multiple family with a total of eight tenants, ran afoul of the debt limits. See In re

Rumbin 18-31424, Memorandum of Decision and Ruling, (ECF 65) (Nevins, J. Bkrtcy. District of

Connecticut 2019). Pages 6-7, discussing the purpose of the debt limits.  With this in mind

resolution of claims objections are not necessary or appropriate where claims exceed the debt limit.

"In sum, where an unsecured claim, though disputed, is both non-contingent and liquidated, the debt that is coextensive with that claim must be included in the calculation that determines the debtor's Chapter 13 eligibility." In re Mazzeo, 131 F.3d 295, 305 (2nd Cir. 1997). "The mere fact that the amount of or liability on a claim is disputed does not necessarily render the claim unliquidated." In re Toronto, 165 B.R. 746, 752 (Bkrtcy. Connecticut 1994) citing In re Harbaugh, 153 B.R. 54, 55 (Bankr.D.Idaho 1993); In re Jerome, 112 B.R. 563, 566 (Bankr.S.D.N.Y.1990). This is also the rule followed in other circuits. In re Slack, 187 F.3d 1070, 1074 (9th Cir. 1999**);** United States v. Verdunn, 89 F.3d 799, 802 (11th Cir.1996); In re Knight, 55 F.3d 231, 235 (7th Cir.1995); In re Barcal, 213 B.R. 1008, 1013-14 (8th Cir. BAP 1997). The focus is on whether the secured claim is liquidated, capable of ready determination by mathematical calculation or other fixed standard. Repayment of a note and mortgage is the very essence of a liquidated claim.

**Secured debt for which personal liability is discharged remains secured debt**

Starting at page 35 of his brief Appellant attempts to argue, as he has done repeatedly, that secured claims for which personal liability has been discharged should not be counted in calculating the debt limit. This is not consistent with the law.

The issue of whether a claim may be asserted in bankruptcy against a debtor who has no personal liability on a note secured by a mortgage, but whose property is mortgaged to secure that note was squarely addressed by the Supreme Court in Johnson v Home State Bank, 501 U.S. 78, 82-4; 111 S.Ct. 2150, 2153-4 (1991). In that case the debtor had executed a note and mortgage. His personal liability on the note and underlying debt had been extinguished in a Chapter 7 proceeding, however the creditor's right to foreclose the lien of the mortgage

survived.  As in the instant case the debtor in Johnson had no personal liability on the debt, but the property was subject to foreclosure to recover the debt.  The unanimous court held that a mortgage interest was a claim within the meaning of the Bankruptcy Code and could be treated in the Plan.

**Appellant's secured debt would be in excess of the debt limits following any motions to determine secured status**

Appellant starting at page 37 of his brief argues that non recourse secured claims should be discounted to a value consistent with that which would be found following a motion to determine secured status pursuant to 11 USC s. 506, which provides for a valuation of a secured claim based on the value of the securing collateral.  See In re Rumbin, 18-31424 Memorandum of Decision and Ruling, (ECF 65) (Nevins, J. Bkrtcy. District of Connecticut 2019). Pages 6-7. Arguably Judge Nevin's ruling which, the court acknowledges differs from some of the courts that have considered the issue, is consistent with the Debtor's argument.  The *Rubin* ruling may be contra to the Supreme Court holding in <u>Midland Funding, LLC v Johnson</u>, 137 S.Ct. 1407, 1412 (2017). Judge Nevins, however, reasoned that the Supreme Court's holding that a time barred debt was still a "claim" for bankruptcy purposes, could be distinguished from whether a in rem claim not supported by collateral value was a "debt" for the purposes of 11 USC s. 109(e). While the Appellant urges the court to resolve what he characterizes as a split between the courts, the Trustee believes that the Appeal can be resolved without needing to reach the issue. Even following a motion to determine secured status, the Appellant would still have a secured debt that would clearly and substantially exceed the secured debt limit.

The bulk of the Debtor's secured debt is secured by property, 15 Sachem Drive in Shelton, which the Appellant has twice described as his residence in documents submitted to the court in the underlying bankruptcy and signed by him under penalty of perjury. Specifically in his bankruptcy petition and his Schedule A.   Proof of claim 6 asserts a claim in the amount of

$1,184,764.98, secured by a mortgage on 15 Sachem Dr. in Shelton.  This claim is non modifiable pursuant to 11 USC 1322(b)(2).  Nobleman v. American Savings Bank, 113 S.Ct. 2106, 2108 (2002).  It could not be reduced pursuant to a motion to determine secured status. This leaves the Appellant only $73,085.02 below the debt limit. Clearly the value of his other properties and the debts secured by them exceed this amount.  Consider Schedule A/B (ecf 1at pages 14 -5).  The below list includes only properties encumbered by filed claims. Claim 6 secured by Appellant's principal residence is dealt with above. Property securing each claim was either stated on the face page of the claim or determined by examining the mortgage attached to that proof of claim.

1.   Property at 102 Adeline is encumbered by claim 7 in the amount of $111,254.68 and has a value scheduled by the Appellant of $75,000.00.  Therefore $75,000.00 would be the value of a secured claim following any motion to determine secured status.

2.   Property at 10 Rosemary Drive is encumbered by claim 3 in the amount of $260,744.65 has a value scheduled by the Appellant of $225,000.00, which would be the value of a secured claim following any motion to determine secured status.

3.   Property at 73-75 Baldwin is encumbered by claim 5 in the amount of $148,092.41 has a value scheduled by the Appellant of $200,000.00.  As a result the claim amount would not be affected by any motion to determine secured status, and would continue in the amount of $148,092.41.

4.   Claim 4 in the amount of $71,205.99 is a second mortgage on Appellant's principal residence.  It appears to be fully unsecured and therefore could be deemed fully unsecured by a motion to determine secured status. In re Pond, 252 F. 3d 122, 127 (2nd Cir 2001).  Therefore it will not be included in the calculation of secured debts for the purpose of this analysis.

Starting with the $1,184,764.98 non modifiable first mortgage secured by Appellant's residence and adding the $75,000.00 value of 102 Adeline, and the $225,000.00 value of 10 Rosemary and the $148,092.41 claim 5 fully secured by 73-75 Baldwin would give a total secured debt total of $1,632,857.39.  This clearly exceeds the secured debt limit of $1,257,850.00.  Even if the court took into account the effects of a hypothetical series of motions to determine secured status that might have been filed, the Appellant would have remained above the secured debt limit.

Of course, a simpler analysis would be to note that no motions to determine secured status were filed by the Appellant in the approximately five months between filing of the petition and the hearing on dismissal. There is no basis in law that would require the Bankruptcy Court to conduct an entirely theoretical analysis, as opposed to addressing the actual claims filed in the case.

**Dismissal with prejudice was appropriate**

The court clearly has the power to dismiss a case with prejudice.  In re Casse, 198 F.3d 327, 336-40 (2d Circuit 1999).  That power begins with 11 U.S.C. s. 349(a) which states:

**"(a)** Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."

The *Casse* court held that as long as "cause" was found by the court it may issue orders including dismissal with a prejudice that "otherwise" would not occur. When ordering otherwise the court is not limited to the factual pattern or the temporal limitations of 109(g). The power of a court upon appropriate cause to impose prejudice on a dismissal under section 349(a) is in addition to the authority provided under section 109(g).  Any doubt that the court has the ability to effectuate this power through appropriate authority is resolved by 11 U.S.C. s. 105(a) which provides:

    **(a)** The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an

issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

It should be noted that the holding in *Casse* was anticipated in Connecticut by Judge Shiff, In re Peia, 204 B.R. 310 (Bkrtcy. Connecticut 1996), relying largely on section 105(a).

In the instant case there were a number of factors that would support dismissal with prejudice. "Where there exist a multiplicity of factors which would be sufficient to meet the cause requirement of section 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with prejudice pursuant to section 349(a)." In re Casse, supra. at 335.

The Debtor failed to propose a confirmable plan.  The Debtor's first amended plan (ECF 41, Plan ) did not state an amount for unsecured claims. The treatment of secured claims was at significant variance with the proofs of claim filed.

The Plan leaves the amount of the claim of the Regional Water blank.  Proof of Claim 1 is in the amount of $14,888.94.

The Plan shows a claim 3 secured by property at 10 Rosemary Drive as having an arrearage of $54,212.32.  In reality claim 3 shows no arrearage and a balance of $ 71,205.99.

The Debtor shows a second mortgage lien on 15 Sachem Drive as having an arrearage and balance in the amounts of zero.  Claim 4 for the second mortgage on that property shows a balance of $71,205.99.  As noted above this result might have been achievable through a motion to determine secured status, however none had been filed.

The Plan shows blanks for the balance and arrearage for the mortgage secured by property at 73-75 Baldwin Street.  Proof of claim 5, for the mortgage secured by that property states an arrearage of $70,028.93 and a balance of $148,092.41.

The Plan shows the first mortgage on 15 Sachem Drive as having an arrearage and balance of $670,000.00.  Proof of claim 6 shows an arrearage of $582,518.16 and a balance of $1,184,764.98.

The Plan shows the mortgage on 102 Adeline Street as having an arrearage and balance of $12,000.00.  Claim 7 shows an arrearage of $22,208.54 and a balance of $111,254.68.

Adding up the balance owed to the Regional Water Authority and the arrearages owed on the various properties shows a total of $689,644.57 in arrearages.  In order to pay that amount through a standard cure and maintain plan, in which a debtor maintains current payments on mortgages while curing the arrearages over the five year term of the plan a Plan payment of $12,771.19 monthly (including Trustee commission of 10%) for five years would be required. Given that the Appellant's Plan proposed a payment of $2,500.00 a month and Appellants Schedule J (ECF 1) showed net income of $10,003.00 without taking into account any mortgage payments, it was entirely reasonable for the Bankruptcy Court to conclude that the Appellant was not in a position to propose a feasible Plan.  "However honest in its efforts the debtor may be, and however sincere its motives, the District Court is not bound to clog its docket with visionary or impracticable schemes for resuscitation." Tennessee Pub.Co. v. Am. Nat. Bank, 299 U.S. 18, 22, 57 S.Ct. 85, 87, 81 L. Ed. 13 (1936).

While Appellant lays great stress on his objections to claim, the Bankruptcy Court carefully notes at pages 5 and 6 of its memorandum of decision, claims objection were raised in his 2016 case, to the same claims, and were overruled.  The attempt to relitigate claims objection previously decided is further evidence of the lack of good faith, and is certainly not an argument to over turn the court's action in this case.

Dismissal with prejudice, while not required in all cases of multiple filings, is well within the court's discretion. The court's own records and the Appellant's own brief clearly show that this

case was a third filing by the defendant.  A review of the Superior Court docket clearly shows

that the Debtor had four foreclosure matters pending at the time this case was filed and this fact

was accurately reported in the Trustee's Motion to Dismiss.  The motion accurately reported the

history of prior filings and their interactions with the Appellant's two prior filings.  The fact that a

secured creditor was ultimately able to conclude a foreclosure of Appellant's property and that

the property was not included in the underlying bankruptcy does not alter the fact that prior

bankruptcy filings appear to have been filed for delay.

**The decision of the bankruptcy court was appropriately supported by the record in the**

**case.**

Appellant argues that the court should have held an evidentiary hearing with regard to the

motion to dismiss.  All the facts that the court relied in its memorandum of decision were already

in the record of the case.  The Appellant had a full and fair opportunity to be heard and present

documents in support of his case.  Not every matter which comes before the Bankruptcy Court

requires a full evidentiary hearing.  11 U.S.C. 102(a)(1) provides:

In this title--
**(1)** "after notice and a hearing", or a similar phrase--
**(A)** means after such notice as is appropriate in the particular circumstances, and such opportunity
for a hearing as is appropriate in the particular circumstances;

The Appellant received a full and fair hearing under the circumstances.

The existence of the Appellant's prior bankruptcy filings was never in dispute and are in fact

discussed in his brief.

The existence of his secured claims and their amount is set out in the proofs of claim filled in the

underlying bankruptcy.  A filed claim is deemed an allowed claim under 11 USC s. 502(a).  "Once a

creditor alleges facts sufficient to support a claim, the claim is prima facia valid."  VFB LLC v

Campbell Soup Co., 482 F.3d 624, 636 (3rd Cir. 2007).   As noted above, while a debtor has a right

to object to such claims, it will not affect the computation of eligibility under section 109(e).

The Appellant's claims that there was no evidence that the property at 15 Sachem Rd. was his residence or that the court erred in considering his Schedules I and J for the purpose of evaluating the feasibility of his Plan utterly fails. Appellant's schedules filed with the court in the underlying case and signed under penalty of false statement are clearly excluded from the hearsay under Federal Rule of Evidence 801(d)(2) as a statement of a party opponent.  The fact that the Debtor is willing to file a petition and schedules clearly stating under penalty of perjury that 15 Sachem Rd. in Shelton is his residence, while asserting in this appeal that there is no evidence of that fact  is in fact further evidence of bad faith.  Indeed the court may wish to view the lower left corner of the Appellant's brief.

The docket statements of the Connecticut Superior Court are self authenticating official publications within the meaning of Federal Rule of Evidence 902(5) as an official publication.  The court may take judicial notice of the existence of litigation pending in other courts.

**The Denial of the Motion for Relief from Judgment or Order was entirely appropriate**

The Motion failed to show an intervening change of controlling law, any new evidence or the need to correct clear error or manifest injustice.  Virgin Atlantic Airways, Ltd. v National Mediation Board, 956 F.2d 1245, 1255 (2nd. Circuit 1992).

## CONCLUSION

The order of the Bankruptcy Court dismissing the case with prejudice and denying the motion for relief from judgment or order should be sustained.

Roberta Napolitano
Chapter 13 Standing Trustee


/s/Patrick Crook_____

By Patrick Crook
Staff Attorney
Federal Bar No.: CT 07670
10 Columbus Blvd., 6th Floor
Hartford, Connecticut 06106
Tel:  860-278-9410, ext. 13
Fax:  860-527-6185
pcrook@ch13rn.com

**Certificate of Compliance with Rule 8015(a)(7)(C)**

The principal brief of the appellee compiles with rule 8015(a)(7)(B) in that it contains 25,637 words.

> Roberta Napolitano
> Chapter 13 Standing Trustee
>
> /s/Patrick Crook
> By Patrick Crook
> Staff Attorney
> Federal Bar No.: CT 07670
> 10 Columbus Blvd., 6th Floor
> Hartford, Connecticut 06106
> Tel:  860-278-9410, ext. 130
> pcrook@ch13rn.com

CERTIFICATION OF SERVICE

In accordance with the applicable provisions of the Federal Rules of the undersigned certifies

that on the 2nd  day of November 2020 the following documents were served on the United States

Trustee and all appearing parties via the court's electronic filing system and by first class mail on

the parties listed below:

Documents Served:

Appellee Brief

Parties Served via first class mail

Johnny Ray Moore
15 Sachem Drive
Shelton CT 06484


___/s/Patrick Crook___
Patrick Crook