UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: JOHNNY RAY MOORE, *Debtor* | BANKR. NO. 19-51257 (JAM) *Chapter 13* |
| JOHNNY RAY MOORE *Debtor-Appellant*, v. U.S. BANK NATIONAL ASSOCIATION, et al, *Appellees*. | CIVIL NO. 3:20-CV-00705 (KAD) December 19, 2020 |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 47)**

Kari A. Dooley, United States District Judge

Pending before the Court is an appeal from the Bankruptcy Court's order dismissing Appellant's Chapter 13 bankruptcy petition and barring him from refiling for three years.[1] On December 16, 2020, the Appellant filed a motion for preliminary injunction, in which he seeks to enjoin a state court foreclosure proceeding involving one of his properties pending the outcome of this appeal. For the reasons that follow, the motion is denied.

**Standard of Review**

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks and citation omitted). To prevail, the movant must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v.*

---

[1] The Appellant did not seek a stay pending appeal of the Bankruptcy court's Order dismissing his petition.

*Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted). Because movant must demonstrate a likelihood of success on the merits of his claims, the request for preliminary injunctive relief must relate to those claims. *See*, *e.g.*, *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health*, No. 3:17-cv-325(SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

**Discussion**

Appellant advances several factual and legal arguments regarding the propriety and validity of the effort to foreclose on his property. However, these issues were not decided by the Bankruptcy Court; are not before this Court in this appeal, and therefore will not be decided by this Court. Accordingly, whether the Appellant has legitimate defenses to the foreclosure (which he is free to assert in the state court) is not relevant to the Court's assessment of the likelihood of success on the merits. Indeed, the issue before this Court in this appeal is whether the Bankruptcy Court abused its discretion when it dismissed Appellant's bankruptcy petition and entered a three-year filing bar against him.

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction over an appeal from a final judgment, order, or decree of the United States Bankruptcy Court. This Court must "review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). "A finding is clearly erroneous when the reviewing

2

court is left with the definite and firm conviction that a mistake has been made." *In re Toor*, 477 B.R. 299, 303 (D. Conn. 2012).

"Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion." *In re Murray*, 565 B.R. 527, 530 (S.D.N.Y. 2017), *aff'd*, 900 F.3d 53 (2d Cir. 2018). Likewise, the Bankruptcy Court's decision to impose a time bar on a debtor's bankruptcy filings is reviewed for abuse of discretion. *In re Wenegieme*, No. 17-CV-2100 (RJS), 2018 WL 9536800, at *2 (S.D.N.Y. Jan. 9, 2018). "A bankruptcy court exceeds its allowable discretion where its decision (1) 'rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or (2) 'cannot be located within the range of permissible decisions,' even if it is 'not necessarily the product of a legal error or a clearly erroneous factual finding.'" *In re Murray*, 565 B.R. at 530 (quoting *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007)); *see also Mercury Capital Corp. v. Milford Connecticut Assocs., L.P.*, 354 B.R. 1, 7 (D. Conn. 2006) ("Matters and decisions within the discretion of the bankruptcy judge will not be disturbed unless [the Court] find[s] that no reasonable man could agree with the decision." (quotation marks and citation omitted)).

It is in this context that the Appellant's motion for injunctive relief must be assessed. Here, the Bankruptcy Court determined that Appellant was not eligible to be a Chapter 13 debtor because the secured claims filed in the Appellant's case totaled $1,793,380.52 which exceeded the statutory cap for Chapter 13 petitions. *See* 11 U.S.C. § 109(e). The Bankruptcy Court noted that the claimed debt on the Appellant's primary residence alone, (not the property identified in the foreclosure action at issue) exceeded the secured debt limit. Appellant does not challenge or even discuss this determination in his motion for preliminary injunction.  Accordingly, the

Appellant has not established likely success on the merits in this appeal and the Court's analysis ends there.

The Motion for Preliminary Injunction is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of December 2020.

                                     */s/ Kari A. Dooley*
                                     KARI A. DOOLEY
                                     UNITED STATES DISTRICT JUDGE