# NO. 3:20-cv-00705-KAD

## U.S DISTRICT COURT FOR CONNECTICUT
(Bridgeport Division)

In Re:  JOHNNY RAY MOORE, DEBTOR

JOHNNY RAY MOORE, APPELLANT.

vs.

U.S. BANK NATIONAL ASSOCIATION, NOT IN IT'S INDIVIDUAL CAPACITY BUT SOLEY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT

APPELLEE,

ROBERTA NAPOLITANO, CHAPTER 13 TRUSTEE

APPELLEE.

## ON APPEAL FROM U.S BANKRUTPCY COURT
### DISTRICT OF CONNECTICUT
Chapter 13 No.: 19-51257

Chief Bankruptcy Court Judge Julie A. Manning

## APPELLANT'S REPLY BRIEF

Johnny Ray Moore, Pro se Litigant
15 Sachem Drive
Shelton CT 06484
(203) 395-4282
greenenergyjrm@gmail.com

# TABLE OF CONTENTS

Page

A.  *SUBJECT MATTER JURISDICTION STATEMENT* ....................... 2

B.  *U. S. BANK and JPMORGAN CHASE BANK, N.A. LACKED STANDING* .... 3

C.  *The issues with Mr. Moore appear to be personal and not professional* . 6

D.  *The Appellant was not allowed to voluntary submit a plan* ............... 7

E.  *THE PROOF OF CLAIM NO. 6-1* ......................................... 9

F.  *83-85 Willis Street, New Haven CT. 06511* ......................... 15

G.  *15 Sachem Drive, Shelton Connecticut* ......................................... 16

H.  *Affidavit of Lost Note filed in State Court Matter and Second Amended Objection to Claim No. 6-1* ...................................................... 18

I.  *A Legal Argument that in incorporating all case law previous cited*. ...... 20

CONCLUSION AND PRAYER ......................................... 25

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# <u>TABLE OF AUTHORITIES</u>

Brown v. Bank of Am. (In re Brown), 481 B.R. 351 (Bankr. W.D. Pa 2012) ............4, 21

Deutsche Bank Nat, Trust CO. v. Thompson, 136 A. 3d 1277.................... 4, 24
163 Conn. App. 837 (AC3762)

Green Point Credit, LLC v. Mc Lean (In re McLean), 794 f.3d 1313
(11th Cir. 2015)  ............................................................   22

Grogan v. Graner, 498 U.S. 279, 286 (1991)
(quoting Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934))  ...................   6

Houghton v. Foremost Fin. Services, 724 F.2d 112 (10th Cir. 1983) ............   22

In re AroChem Corp. 176., 176 F.3d 610, 620 (2d Cir. 1999) .......................   20

In re Braun, 152 B.R. 466 (N.D. Ohio 1993 .........................................   22

In re Dabrowski, 257 B.R. 394, 406-07 (Bankr. S.D.N.Y. 2001) ...............   22

In re Garcia, 584 B.R. 483 (Bankr. S.D.N.Y. (2018) ..............................   24

In re Idicula, 484 B.R.284, 288 (Bankr. S.D.N.Y. 2013) (citing Buter v. U.S..,
440 U.S. 48, 54(1979)). ................................................................ ...   24

In re Jackson, 451 B.R. 24 (Bankr. E.D. Cal. 2011) .................................. 24

In re: Jon Dogar-Marinesco and Manuela
Mihailescu Chapter 7 Case No. 09-35544 (CGM) ................................... 23

In re Jones, 2012 WL 5385682 (Bankr. E.D. Ky. Nov. 2, 2012) ... ......... 5, 21, 22

## <u>CONTINUED  TABLE OF AUTHORTIES</u>

Page

In Re Joseph J. Sabatini,  …………………………………………………  24

In Re Marco C. Rumbin

In re Ramos, 2013 Bankr. LEXIS 4111 (Bank. S.D.N.Y. Oct 1, 2013) ……..  4, 21

In re Rosa B.R. 337 (Bankr. N.D. Cal 20140) …………………………..  22

In re Shapoval, 441 B.R. 104 ( Bankr. D. Mass. (2010)………………………  24

Veal v. Am. Home Mortg. Servicing, Inc.
In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011) ………………………………  24

Moore v. Comenity Capital Bank ( *In re Moore*),
521 B.R. 280 (Bankr. E.D. Tenn. 2014) …………………………………….  22

Renaud v. Abbott, 116 U.S. 277, 29 L Ed 629, 6 S Ct 1194. ………………  7

Sabbariego v. Maverick, 124 US 261, 31 L Ed 430, 8 C Ct 461 ……………..  7

Veal v. Am. Home Mortg. Servicing, Inc..

U.S.C.A. Const. Amend.5 –Triad Energy Cop. V. McNeil 110 F.R.D. 382
(S.D.N.Y. 1986), Fed Rules Civ. Proc., 60(b (4), 28 U.S.C.A. Amend. 5-Hugh v.
US., 620 F. Supp. 892 (D.S.C. 1985) ……………………………………… 25

## <u>FEDERAL STATUTES</u>

11 U.S.C.  § 109 (e) ……………………………………. 8, 15,17, 18 ,19

11 U.S.C  § 362(g)(1) …………………………… …………..  20
11 U.S.C  § 524 (a)(1) …………………………… …………..  23
11 U.S.C. § 524(a)(2) ……………………… ………………….2,3,4,20,22, 24
11 U.S.C. § 704 (a)(5) ……………………… …………………...1,5,8,22

# CONTINUED  TABLE OF AUTHORTIES

Page

11 U.S.C. § 727 ……………………………………………………...2,3,4,20,22,24
11 U.S.C. § 1302 (a)(b)(1)(2)(A)(B) …………………………………… 1,24
11 U.S.C. § 1307(C) …………………………………………………… 2, 17, 18
18 U.S.C. §§ 152, 157 and 3571………………………………………… 10
25 U.S.C. § 1302 (a)(1)(8). ……………………………………………… .   2

## FEDERAL RULES

Fed. R. Civ. P. 43(c)……………………………………………………….20
Fed. R. Civ. P. Rule 60(b)(1)(2)(3)(4)………………………………… 25
FRBP 3001(a)(1)(d)……………………………………………………… 25
Fed.R. Bankr.P. Rule 7004……………………………………………….14
Fed.R. Bankr.P. Rule 7005……………………………………………….14
Fed.R. Bankr. P 8015(a)(5)……………………………………………… 1
Fed.R. Bankr. P 8015(a)(6) ……………………………………………… 1
Fed.R. Bankr.P. 9014…………………………………………………….14
Fed.R. Bankr. P. 9017……………………………………………………. 20
Local Bankr. Rule 9010-1……………………………………………… 19

## CONNECTICUT STATUTES

Connecticut  General Statute § 52-109 ……………………………………… 12

Connecticut General Statute § 49-24   …………………………………….20

## OTHER AUTHORITIES

Connecticut Practice Book ……………………………………………………… 12

Superior Court J.D. of Milford Connecticut
Docket No.: AAN-CV-09- 6001369-S
JPMorgan Chase Bank, National Association *v*. Johnny Ray Moore…3,11, 12, 13

## <u>APPELLANT'S REPLY TO APPELLEE'S BRIEF</u>

COMES NOW, Johnny Ray Moore the ("Appellant", or "Mr. Moore" or "the Debtor"), the Appellant respectfully files his Reply Brief in response to the Appellee's Brief, and presents the following to the District Court, ("the Court").

Attorney Patrick Crook filed its [1]Appellee Brief. The Brief was filed without any Appendix, Affidavits or Substantive Evidence, nor does the Brief meet the typeface requirements of Fed. R. Bankr. P 8015(a)(5) or the type-style requirements of Fed. R. Bankr. P. 8015(a)(6), in Compliance.  Attorney Patrick Crook is not a Chapter 13, Trustee and had no legal authority to file this Brief. The Trustee Roberta Napolitano did not sign the Motion to Dismiss, Pursuant to 11 U.S.C. § 1302 (a)(b)(1)(2)(A)(B) or file an Objection to the allowance of Claim No. 6-1, in accordance with 11 U.S.C. 704 (a)(5) and should have. Therefore, Attorney Crook lacks standing in petitioning the Court to sustain and affirm the Bankruptcy Court dismissal of the Appellant's Case on behalf of a [non-party] that filed Claim 6-1.  The Appellee's Brief was filed on 11/02/20, *See* ECF. No. 40.

The [2]Appellant's Brief was filed on 10/02/2020, See ECF. No. 37 (with his Appendix's) referenced as Attachments.  The Appellant filed his Opening Brief

---

[1] The Appellant will make reference to Attorney Patrick Crook as to his <u>Appellees</u> <u>B</u>rief and <u>P</u>ages as, App. B. Pages__.

[2] The Appellant's Brief will be referenced as ("APP. B. ECF. No. __Pgs__"), the Attachment, are the Appendix's filed in EFC. No. 37-1-4. Which consist of four Volumes ("Vol_") of Certified Evidence of Federal and State Court documents, Affidavits and Testimonies. I will refer as follows (APX. DOC. No.__Pgs__
The Appellant may make reference of  the Bankruptcy Court Record transmitted on July 17, 2020. *See* ECF. No. 28. Doc. No__, Page____..          1

("Appellant's Brief") which has four (attachments) the Appendix's consisting of a preponderance of certified documents, affidavits, testimonies, and certified transcripts, of dates, times and locations of events in support of his substantive claims, for the Court to take *De Novo Review*. The Appellant makes the following Response why the Court cannot affirm and sustain the bankruptcy court's decision:

A. ***SUBJECT MATTER JURISDICTION STATEMENT***

The Court has Subject Matter Jurisdiction to hear the case, but lacks Subject Matter Jurisdiction to affirm and sustain the Bankruptcy Court Order No. 136. The ("Order") of the dismissal of the Appellant's bankruptcy case with prejudice and a three-year bar in conjunction with the Bankruptcy Court Order No. 147, which denied the Appellant Due Process regarding his Motion for a New Trial in violation of 11 U.S.C. §§ 727 and 524(a)(2), and 25 U.S.C. § 1302 (a)(1)(8). Issues over the Jurisdiction of the Subject Matter of the case can be raised at any time even on appeal. *See Deutsche Bank Nat, Trust CO. v. Thompson, 136 A. 3d 1277, 163 Conn. App. 837 (AC3762).*

The Appellant attest that U.S. BANK NATIONAL ASSOCIATION, NOT IN IT'S INDIVIDUAL CAPACITY BUT SOLEY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT., herein called ("U.S. BANK"), a non-party claimant that never had Standing before the Bankruptcy Court. The Appellant attest that neither U.S. Bank nor JPMorgan Chase Bank, National Association, nor

2

PennyMac Holdings LLC, currently have Standing in the Superior Court in the

J.D. of Milford under Docket No.: AAN-CV-09-6001369-S. In the matter

*JPMorgan Chase Bank, National Association vs. Johnny Ray Moore* which should

be evident to the Court given that the Appellee's arguments appear to be judicial

tacit of misdirection as to the substantive issues. See App. B. Page 14, first

paragraph.

**B.   *U. S. BANK and JPMORGAN CHASE BANK, N.A. LACKED STANDING***

The Appellee, in App. B. from Pages 5 to 15, is all about the collection of

discharged debt which the Appellant was *not* required to repay. Pursuant to 11

U.S.C. §§ 727 and 524(a)(2) of the Bankruptcy Code. U.S. BANK who by its own

evidence declared, according to its Proof of Claim 6 (Claim No. 6-1) that was filed

with the bankruptcy court on October 18, 2020. Admitted it was not in possession

of the Appellant's note ("discharged debt") and mortgage. It appears to be the

reason the appearance and the objection to the plan was not certified by Attorney

Saul Leopold in violation of Federal Rule of Bankruptcy Procedure Rule (FRBP)

9011 and overlooked by the Trustee.  (See ECF. 28, Page 29, Doc. No. 29 and

ECF. No. 28, Page 35 and Doc. No. 96). The Bankruptcy Court has abused its

authority in dismissing the case and then declaring the Appellants Second

Amended Objection to Claim No. 6-1, as being moot, See. APX. Doc. No. 37-1,

Pages 121 to 179 and the Order Page 9. The Bankruptcy Court in this judicial

3

procedure indirectly validated U.S. BANK, Claim No. 6-1, over the Objection in

violation of the Appellant discharge injunction pursuant to 11 U.S.C. §§ 727 and

524 (a)(2).  Now the Appellee wants the Court without Subject Matter Jurisdiction

to sustain and affirm the Bankruptcy Court dismissal of the Appellant case. *See*

App. B. Page 1, of the Appellee statement of the Issues. *See* Appellants evidence in

Second Amended Objection APX. Doc. No.37-1, Page 121, Pages 162-166, which

is a certified copy of the discharge received by the Honorable Judge Alan H. W.

Shiff on February 5, 2015. Under petition no 12-51027, that was filed in good faith

See APP. B. Pages 9 to 18.  Which clearly shows *willfull* violations of Mr. Moore's

Discharge Injunction that occurred on **January 10, 2018**. See APX. 37-4, Doc. No.

Pages 113 to 223. certified copy of the Transcript that led up to first dismissal.

The Appellant ask the Court to take judicial notice of the entire hearing / trial.

Our federal bankruptcy courts have ruled, debtors are not required to include

pre-petition discharged debt in a post-petition reorganization plan. *See In re*

*Ramos*, 2013 Bankr. LEXIS 4111 (Bank. S.D.N.Y. Oct 1, 2013) (violation of

discharge injunction when mortgage lender actions went beyond seeking to enforce

lien and sought to collect debt from debtor). The permitted enforcement of liens

does not included taking other steps to collect the underlying debt. See. e.g., *Brown*

*v. Bank of Am.* (*In re Brown*), 481 B.R. 351 (Bankr. W.D. Pa 2012) (foreclosure

related acts did not violate injunction, but sending statements seeking payment

did); *In re Jones,* 2012 WL 5385682 (Bankr. E.D. Ky. Nov. 2, 2012) (foreclosure

action violated discharge injunction insofar as it also sought money judgment).

The Appellee's whole argument in his Brief is about the Appellant's so called

failure to include direct payments to U.S. BANK.  Who clearly was not even

in possession of the discharge debt and mortgage according to its own claim!

A fact that the Trustee appears to have willfully overlooked in violation of [3]11

U.S.C. § 704(a)(2). The Appellant who once again has had his petition dismissed

with Prejudice in violation of his discharge injunction. The bankruptcy court is

fully aware that debtors are not required to repay pre-petition debt that has been

discharged in a post-petition reorganizational plan.  Especially to U.S. BANK who

by its own evidence was not even in possession of the discharge debt and

mortgage. The Appellant had every *right* to file an Amended Objection to U.S.

BANK's  Claim 6-1.

By way of evidence to where the bankruptcy court made it clear that as a

result of the discharge Mr. Moore received, he was not obligated to include pre-

petition discharge debt in post-petition Chapter 13 reorganization payment plan.

this truth is what the bankruptcy court said on **JANUARY 3, 2017**, only to due a

180-degree turn, and conflate the issues about secured creditors filing proof of

---

[3] **(a)**The trustee shall— **(5)** if a purpose would be served, examine proofs of claims
and object to the allowance of any claim that is improper

claims that discharged debtors are not obligated to account for monetary payments

in a post-petition chapter 13 reorganization plan.

The Appellant ask the Court to take judicial notice of the certified copy of the

following hearing. See certified copy of transcript APX. Page 34, Page 54, Lines

16 to 25, Page 55, Lines 1 to 24, Page 56, Lines 23 to 25, Page 57, Lines 1 to 15

and Page 58, Line 8 to 24.

C.  ***The issues with Mr. Moore appear to be personal and not professional***

It has never been the belief of the Appellant that he could or should live in

his primary residence free and clear of any responsibility to *willingly*  tender

payments regarding discharged mortgage debt.  Once it was *lawfully* determined

who to tender payments to after his discharge, and not be *bullied* into tendering.

payments to a party not in possession of a valid security instrument like U.S.

BANK. However, wanting to reach a settlement in order for him to begin "enjoy"

a new opportunity in life with his wife and clear the field for future efforts.

unhampered by the pressure and discouragement of preexisting debt. *See, Grogan*

*v. Graner,* 498 U.S. 279, 286 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S.

234, 244 (1934)).

The Appellant made this goal absolutely clear to the Bankruptcy Court at his

Confirmation Hearing held on January 16, 2020. Made it **absolutely** clear he

wanted to retain his real properties for his retirement because he has no pension or

401k, to rely upon. He wanted to implement a plan and sought permission to begin

selling properties for that sole purpose. See Certified Copy of Transcript of

Confirmation Hearing. See APX. Doc. No. 37-4, Page, 201, Pages 208, Line 2 to

25, Page 209, Line 1 to 13, Page 215, Line 18-25, Page 216, Line 1-25, Page 217,

Line 1-11, 20 to 25, Pages 218, Line 1-25, Pages 219, Line 1-25 and Page 222.

The Appellant was **denied the right** to submit a plan because it appears that

Attorney Crook, the Appellee and the Trustee were fully aware of the evidence

submitted in Claim 6-1. Namely, That U.S. BANK was not in possession of the

Debt and Mortgage.

D.   ***The Appellant was not allowed to submit a plan***

The Appellee claims the Appellant had a full opportunity to be heard. *See*

App. B. Page 6. This is not true since the Bankruptcy Court time and again ignored

and abused its discretion by overlooking the Appellant's request. For continuances.

See ECF. 28, Page 38, Doc. No. 122, Doc. No. 123, Doc. No. 124, Doc. No. 125

and Doc. No. 127. The Appellant argues a judgment of a court without hearing the

party or giving him an opportunity to be heard is not a judicial determination of his

rights. *See, Sabbariego v. Maverick,* 124 US 261, 31 L Ed 430, 8 C Ct 461, and is

not entitled to be respect in any other tribunal. *See,* it is a fundamental doctrine of

law that a party to be affected by a personal judgment must have his day in court,

and an opportunity to be heard. *Renaud v. Abbott*, 116 U.S. 277, 29 L Ed 629, 6 S

7

Ct 1194. See, Certified Copy of APX. Doc. No. 37-3, Pages 98 to 101, Page 103.

The Appellee claims the Appellant would be unable to use motion to determine secured status to reduce his secured claims to a level below the debt. This is not true;(1) the Appellant had filed a Second Amended Objection to Claim No. 6-1; (2) the Trustee should have filed an Objection to the allowance of Claim No. 6-1, Pursuant to 11 U.S.C. § 704(a)(5) and (3), it was the Bankruptcy Court own declaration on **January 19, 2017**, when it said the objection to claim cannot. be calculated toward a debtor's eligibility under section 109(e), under Petition No. 16-51133, Please take judicial notice of the following statement by the Bankruptcy Court. See, APX Doc. No. 37-4, Page 71, Page 79, Line 1-25, Page 80, Line 1-19, & Page 83, Line 1-25.

The Appellee claims simple arithmetic shows claims total of $1, 783, 380.52. then on the other hand admits his Motion to Dismiss contain a mathematical error in that regard that did not affect the outcome. However, the Appellee does not explain the errors as further evidence of violation of Mr. Moore discharge injunction!

The Appellee's whole argument is what appears to be his personal belief that the Bankruptcy Court Bridgeport Division now claims. Is that discharge debts in spite of an objection can be calculated towards that debtor's eligibility under section 109(e). When this is exactly the opposite of what was told the Mr.

8

Moore at first confirmation hearing before Chief Judge Julie A. Manning. See

Certified Copy of Transcript of hearing held on January 19, 2017. APX. Doc. No.

37-4, Page 71, Page 79, Line 1-25, Page 80, Line 1-19, Page 81, Line 18 to 25 and

Page 83, Line 1-15.

      The Appellant believed the words the Bankruptcy Court time and time again.

He is now being punished *again* because there is no note or mortgage and this.

appears to be the primary reason he has been denied an evidentiary hearing.

See Certified Copy of Transcript. APX. Doc. No. 37-4, Page 4, Page 15, Line 1-25

and Page 16, Line 1-25.  The Appellant attest promises made but not honored for

which the Appellant has been denied Due Process.

The Appellee argues in App. B. Page 14, "Not every matter which comes before

the bankruptcy court requires a full evidentiary hearing. Given the serious nature of

calculating discharged debt in a reorganization plan over the Second Amended

Objection to Claim 6-1.  The Bankruptcy Court should have conducted an

evidentiary hearing. If left up to Attorney Linda St. Pierre the Appellant will never

have one because JPMorgan Chase Bank, National Association, PENNYMAC

HOLDINGS LLC, NOR U.S BANK HAS NEVER PROVIDE EVIDENCE OF

THE NOTE. See Certified Copy of APX. Doc. No. 37-1, Pages 149 to 160.

    *E..* ***THE PROOF OF CLAIM NO. 6-1***

1.  On 10/18/2019, attorney Saul O. Leopold without certifying the

Appearance in violation of FRBP 9011. Claim 6-1, was filed with regards to

Sachem Drive, Shelton Ct the Appellants primary residence.

2.     The Appellant ask the Court to take judicial notice of the certified copy of

the Proof of Claim 6, ("Claim No. 6-1"), *See* APX. Doc. No. 37-3, Pages 149 to

212. The Claim No. 6-1, was filed under the penalty of perjury (see page 151)

pursuant to 18 U.S.C. §§ 152, 157 and 3571.

3.     The Appellant states that Claim No. 6-1, identified the former Creditor as

PENNYMAC (PENNYMAC HOLDINGS LLC), who claimed to have the Note.

(the discharged debt) and mortgage to U.S. BANK.

4.     The Appellant attest that according to its Claim No. 6-1, See APX. Doc. No.

37-3, Pages 210 -211, an Assignment of Mortgage was filed on the Public Land.

Records, on **September 24, 2018** effecting Legal Title to the Appellants primary

residence. The Assignment claimed the Mortgage (with no Note) was assigned and

transferred by PENNYMAC HOLDINGS LLC, to <u>Citibank, N.A., as Trustee for</u>

<u>CMLTI ASSET TRUST on **AUGUST 1, 2018.**</u>  The evidence clearly in its own

Claim No. 6-1, shows that PENNYMAC HOLDINGS LLC, <u>DID NOT SELL THE</u>

<u>NOTE AND MORTGAGE TO U.S. BANK</u>! ON OCTOBER 18, 2019, when

Claim No. 6-1 was filed in U.S. Bankruptcy Court District of Connecticut,

Bridgeport Division under the jurisdiction of the Court.

5.     The Appellant's certified evidence in APX. Doc. No. 37-3, Page 208 -209 also

shows the Court for *de novo review* of the record of evidence that **Citibank, N.A., as Trustee for CMLTI ASSET TRUST is claimed to have then sold the Note (discharge debt) and Mortgage to U.S. BANK on September 10, 2018. and not PENNYMAC HOLDING LLC, according to Claim No. 6-1. This evidence was announced to the world on the public land records September 24, 2018.**

6.    The Court can clearly see that the note (discharge debt) and mortgage was not assigned, transferred, or sold by PENNYMAC HOLDING LLC to U.S. BANK in accordance with Claim No. 6-1, which was filed under the penalty of perjury.

7.    The Appellant ask the Court to take judicial notice that the Assignment from PENNYMAC HOLDINGS LLC to Citibank, N.A., as Trustee for CMLTI ASSET TRUST, which makes no mention of the Note being assigned.  Just the Mortgage and the required Legal Descriptions of the SCHEDULE A being attached. Pursuant to Connecticut General Statute § 52-325.

**8**.    The Second Assignment from Citibank, N.A., as Trustee for CMLTI ASSET TRUST, to U. S. BANK, is now claiming the Note and Mortgage was assigned (without any SCHEDULE A, the legal description being attached as further evidence of U. S. BANK'S lacked Standing before the Bankruptcy Court.

9.    The evidence in Claim No. 6-1, is also confirmed by the Law Firm of McCalla Raymer Liebert Pierce LLC, Formerly known Hunt Liebert and Jacobson P.C. where Attorney Linda St. Pierre is alleged to be a partner.  Docket No.: AAN-

11

CV-09-6001369-S. In the matter *JPMorgan Chase Bank, National Association vs. Johnny Ray Moore,* which the Trustee simply overlooked and prejudiced the Appellant.

10.    The Appellant attest that on **January 10, 2019**, a Motion to Substitute Party Plaintiff was filed Pursuant to Connecticut [4]General Statute § 52-109, and the [5]Connecticut Practice Book § 9-16. The Bankruptcy Court has this evidence.

11.    The Appellee argues in his App. B. page 6, "The findings of the bankruptcy. court were ground in facts" "the Connecticut Superior Court and the bankruptcy court was entitled to rely on them without the need for further hearing."

On Page 15 of the App. B. the Appellee argues "The docket statement of the Connecticut Court are self authenticating official publications within the meaning of Federal Rule of Evidence 902(5) as an official publication.  The court may take judicial notice of the existence of litigation in other courts.

12.    The Appellant ask the Court to take Judicial Notice of the certified copy of the Motion to Substitute Party Plaintiff filed on **January 10, 2019.** See APX. Doc.

37-3, pages 27 to 34.

---

[4] **Sec. 52-109. Substituted plaintiff.** When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff. (1949 Rev., S. 7831.)One who has no right or interest cannot be substituted as plaintiff. 63 C. 460, 472

[55] If, pending the action, the plaintiff assigns the cause of action, the assignee, upon written motion, may either be joined as a co-plaintiff or be substituted as a sole plaintiff, as the judicial authority may order; provided that is shall in no manner prejudice the defense of the action as it stood before such change of parties

12

13.    The Appellant ask the Court to take notice on page 27, here it is JPMorgan

Chase Bank, National Association that claims it sold the Note and Mortgage to

Citibank, N.A., As Trustee for CMLTI Asset Trust (not PennyMac Holdings LLC).

Here it is stated by the Law Firm of Attorney Linda St. Pierre, that it is Citibank,

N.A., As Trustee for CMLTI Asset Trust who then assigned the Note (which has

been discharged), the Mortgage and *cause of action* to U.S. BANK and not

PENNYMAC HOLDINGS LLC, as stated in Claim 6-1.

14.    The Appellant ask the Court to take notice that there is no assignment of the

note (discharged debt) as having been assigned by either JPMorgan Chase Bank,

N.A. or PENNYMAC HOLDINGS LLC, to U.S. BANK as alleged in State Court

according to the evidence filed in the bankruptcy court as to Claim 6-1, (see APX.

Doc. No. 37-3, Pages 210 -211), Also please take notice that NO Appearance was

filed on behalf of Citibank, N.A., As Trustee for CMLTI Asset Trust in the State

Court the Superior Court J.D. in the Connecticut under docket no. AAN-

CV-09-6001369-S. see copy of Appearance, in support of the Motion to Substitute

U.S. BANK, APX. Doc. 37-3, Page 27 and Page 33.

15.    They evidence is clear in Claim No. 6-1, that PENNYMAC HOLDING LLC,

did not sell, assign, transfer the Note (discharge debt) and mortgage to U.S. BANK

and was a non-party who was not in possession of any perfected security

instrument pursuant to the FRBP 3001(a)(1)(d).

16.    The Appellant filed a Motion for an Extension of Time to file a Response to the Motion to Substitution. See APX. Doc. 37-1, Pages 84 to 100.  And presented this evidence to the bankruptcy court on January 7, 2020, when Appellant filed his Objection to Attorney Patrick Crook, Motion to Dismiss with its material misrepresentations, See (its Exhibit B, pages 40 to 46) see certified copy of APX Doc. No. 37-1, Pages 32 to 52 of the Motion and APX. Doc. No. 37-1, Pages 54 to 119.

17.    The Appellant ask the Court to take special attention to Page 52, of where Attorney Patrick Crook, claimed to be a U.S. Trustee in the certification of service he signed pursuant to Fed. R. Bankr. P. Rule 7004, 7005 and 9014. Also please note that in the Proposed Order on Page 51, No Creditor is identified as to whom the Appellant prejudiced.

18.  The Appellant argued that these allegations of bad faith and unconscionable allegations made and brought this to the bankruptcy courts attention on January 16, 2020 at the confirmation hearing. See Certified Copy of a portion of the Hearing, Held. See, APX. ECF. 37-4, Pages 201 to 202, Page 207, Line 7 to 24. And yet the bankruptcy court denied the Appellant the right to be heard. Further, refused to acknowledge his evidence and overlooked his Objection and Evidence in the caption of it Order No. 136.  The Appellant's Objection and Evidence showed the

Bankruptcy Court, that U.S. BANK had no Standing and the case should not have been dismissed under section 109 (e).

19.   The Bankruptcy Court abused its discretion by willfully choosing to ignore the Appellant's certified evidence in Mr. Moore Objection to the dismissal filed January 7, 2020 and Further abused its authority by refusing to acknowledge in the caption of its Order 136 the Appellants objection to the dismissal because of the evidence presented that clearly showed U.S. BANK was a non-party claimant which lacked standing.

F. *83-85 Willis Street, New Haven CT. 06511*

20.   The Appellee now argues that his Exhibit B, (page 39 to 46), did not really matter that 83 Willis St was not included in the Appellant schedules nor his *twenty three* material misrepresentations in his Motion, which the Appellant referenced in his Brief. See APP. B. Doc. 37, pages 21 to 24,  A. *Preliminary Statements of Motion to Dismiss for De Novo Review,* and on Pages 24 to 26 of B. *Statement of the Order for De Novo Review* of the *Record,* the 1-16 errors in the Order.

21.   The Appellee now argues in his App. B. Page 14, "The fact that a secured creditor was ultimately able to conclude a foreclosure of Appellant's property and that the property was not included in the underlying bankruptcy does not alter the fact that prior bankruptcy filings appear to have been filed for delay.

22.   The Appellant whole heartedly disagrees with the Appellee's change of

15

position because his whole argument of bad faith made against the Appellant.

Was based on his false assertions that there was strict foreclosure pending in New

Haven Superior Court regarding the legal description of the real property is 83-85

and not 83 Willis Street, See APX. Doc. No. 37-1, Page, 72, Page 77-8, Page 80,

Page 82, Page 40 to 46, Page 48 and 50. The Order on Pages 7 to 9, accused the

Appellant of "blatant abuse of the automatic stay provision of the Bankruptcy

Code). !!! to avoid a non-existing final judgments of strict foreclosure pending in

State Superior Courts.

23.    The Appellee having cite the incorrect legal description to the

property which is not 83 Willis. Also caused the Bankruptcy Court to do the same

in its Order on page 7 and 8. The Court lacks subject matter jurisdiction because

the Appellant has no clue about the case. The Strict foreclosure was rendered.

without the State Court having Personal Jurisdiction. The Writ, Summon, and

Complaint and Notice of Lis Pendens was never served upon Mr. Moore. The

Court can validate this claim.  There is no evidence of a State Marshal Return of

service filed on 10/15/2009 as further argument the Trustee and Appellee argument

of bad faith a tacit of misdirection for which the Bankruptcy Court has prejudiced

the Appellant for no just cause.

G.  ___15 Sachem Drive, Shelton Connecticut___

24.    It Appears to the Appellant that the Appellee has resorted back to tactics of

distractions claiming the Appellant has committed perjury by claiming that **15 Sachem Drive, STRATFORD Connecticut** is not his primary residence.

15 Sachem Drive, Stratford CT, is not the Appellant's primary residence!

25.    The bankruptcy court stated in its Order regarding the dismissal that Roberta Napolitano Chapter 13 Trustee "argued during the February 25[th] hearing, even the secured debt on *only* the Debtor's primary Residence, **15 SACHEM DRIVE, STRATFORD, CONNECTICUT**, which is $1,270,859.91, exceeds the secured. debt limit. Accordingly, the debtor is not eligible to be in Chapter 13, and his case is dismissed under sections 1307(C) and 109 (e)." Please see Certified Copy of Order No. 136, APX. ECF. 37-2, Page 95, Page 97 of Page 103 (also known as Page 3 of 9 of the Order)

26.    The Appellee has confirmed in its App. B. Page 4., that the Appellant's PRIMARY RESIDENCE is not **15 SACHEM DRIVE, <u>STRATFORD</u>, CONNECTICUT** for which the bankruptcy court made its findings of facts regarding the dismissal of the Appellant's bankruptcy case. This is an error of material fact alleged in the Order, which would also render the Court without Subject Matter Jurisdiction to sustain and affirm the decision of the Bankruptcy Court's dismissal of the Appellant's case.

27.    Attorney Crook, claims in App. B. Page 4., the Court should only conduct *de novo review* of the case for abuse of discretion. The Appellant claims the case

17

should also be reviewed by the Court for Error and abuse of Authority. The

bankruptcy court erred by claiming the Appellant's primary residence was

15 SACHEM DRIVE, STRATFORD, CONNECTICUT and dismissing that case

under section 1307(c) and 109 (e).  There is no evidence in the record to support

such a conclusion. Attorney Crook, has confirmed this error in its App. B. on

Page(s) 4, Page 5, last paragraph, Page 9, last paragraph, Page 10, first line, Page

12, second to the last paragraph, Page 13, first paragraph, and last and most

important is Page 15.

    The appellant has not filed his Brief  in bad faith. It is Attorney Crook who

claimed U.S. BANK was a secured creditor. When U.S. BANK IS IN FACT A

NON PARTY WITHOUT STANDING. Therefore Claims 6-1, must be

disallowed!

### H.   *Affidavit of Lost Note filed in State Court Matter and Second Amended Objection to Claim No. 6-1*

28.   On May 3, 2012, the law firm of Attorney Linda St. Pierre, filed an Affidavit

of the lost Note prior to Appellant's discharge of the mortgage debt. According to

the argument raised in the Appellant's Brief. See. APP. B. Pages 46 to 51. See

APX. 37-1, Pages 121 to 207. See Certified Copy of Second Amended Objection

to the allowance of Claim 6-1. Where is Residential Funding Company? The

Bankruptcy Court did not have jurisdictional authority to dismiss the case and then

declare the Appellant Second Amended Objection Moot. See. APX. ECF. 37-2,

Page 103.

29.      The Appellee states in his App. Page 15, the bankruptcy court Order 147

was entirely appropriate. The bankruptcy court claims it granted the Chapter 13

Trustee's "Amended Motion to Dismiss the Debtor's Case with Prejudice".

argued by of Attorney Linda St. Pierre, who never file any appearance pursuant to

Local Bankruptcy Rule 9010-1 to represent U.S. BANK. The bankruptcy court

erred in its Order concluding that attorney Linda St. Pierre had Standing to petition

the bankruptcy to dismiss the Appellant Motion for New Trial on behalf of

JPMorgan Chase Bank, National Association who had already obtained relief from

Stay regarding Claim No. 3, given over the objection of the Appellant. See

Certified Copy of APX. Doc. No. 37-2, Pages 4 to 93. And Certified Copy of

Order No. 147, APX. Doc. No. 37-2, Pages 105 to 107.

30.      The bankruptcy court was fully aware of its lack of judicial authority and

what appears again to the Appellant as a Judicial Favor. That Order No. 147, was

never processed by the Bankruptcy Noticing Center (BNC), and no Certificate of

Mailing attaching a copy of Order No. 147, was served upon all appearing parties,

all parties named in the Appellant Matrix, see ECF. No. 28, Page 8, Doc. 8, Nor

upon the Office of the U.S. Trustee in accordance with Federal Law.

31.  It is worth notice without any subject matter Jurisdiction the Bankruptcy

Court issued Order No. 343, on January 10, 2018, in violation of 11 U.S.C. § 362

(g)(1) and caused it to be filed on the Land Record in the State of Connecticut in

violation of the Connecticut Statewide Standing Orders for all of Connecticut

Superior Courts that No Superior Court Judge has subject jurisdiction authority to

issue any final judgment of strict foreclosure or foreclosure by sale without the

Plaintiff filing a certified copy of an official Appraisal of the subject property.

The Bankruptcy Court on January 10, 2018, granted in rem relief from the stay.

See APX. Doc. No. 37-3, Page 22 to 25. Against Mr. Moore primary residence and

without any residential appraisal being submitted by the movant pursuant to Fed.

R. Civ. P. 43(c), Fed. R. Bankr. P 9017 and 11 U.S.C. § 362(g)(1). There is no

Judgment of Strict foreclosure was rendered and no Judgment of Sale pursuant to

Connecticut General Statute § 49-24 has been rendered. No BNC Certificate of

Mailing of Order 343 was processed and served upon Mr. Moore and the Office of

the U.S. Trustee. And in violation of 11 U.S.C. §§ 727 and 524(a)(2) of the

Bankruptcy Code.

## J.    _A Legal Argument  incorporating all case law previous cited_.

In an appeal from a district court's review of a bankruptcy court decision, we

review the bankruptcy court decision independently, accepting its factual findings

unless clearly erroneous but reviewing its conclusions of law de novo. See *In re*

*AroChem Corp*. 176., 176 F.3d 610, 620 (2d Cir. 1999). The record is absolutely

clear that U.S. BANK was a non-party claimant who was not in possession of the note and mortgage. U.S. BANK did not have standing to file a proof of claim.  The objection to the Appellant Reorganization Plan seeking payments regarding a discharged mortgage debt was a clear violation of the Appellant discharge injunction.  The Trustee should have filed an objection to the Claim and did not. Appellee had no legal right to file a motion to dismiss on behalf of a non-party claimant who was not in possession of the note and mortgage and therefore was not a secured creditor and was not entitled to any payment from the Appellant. Attorney Crook in  his App. B. Page 13, he sought "a Plan payment of $12, 771.19 monthly (including Trustee commission 10%) for five years from the Appellant. The Bankruptcy Court had no subject matter jurisdiction to dismiss of the case with prejudice and a three bar on behalf of U.S. BANK a non-party claimant. The Order is a clear violation of the Appellant's Discharge Injunction. *See In re Ramos*, 2013 Bankr. LEXIS 4111 (Bank. S.D.N.Y. Oct 1, 2013) (violation of discharge injunction when mortgage lender actions went beyond seeking to enforce lien and sought to collect debt from debtor). The permitted enforcement of liens does not include taking other steps to collect the underlying debt. See. e.g., Brown v. Bank of Am. (*In re Brown*), 481 B.R. 351 (Bankr. W.D. Pa 2012) (foreclosure related did not violate injunction, but sending statements seeking payment did); *In re Jones,* 2012 WL 5385682 (Bankr. E.D. Ky. Nov. 2, 2012) (foreclosure action

violated discharge injunction insofar as it also sought money judgment). *See Green Point Credit, LLC v. Mc Lean* (*In re McLean*), 794 f.3d 1313 (11th Cir. 2015) creditor violated discharge injunction by filing proof of claim for debt discharged in a prior bankruptcy); Moore v. Comenity Capital Bank (*In re Moore*), 521 B.R. 280 (Bankr. E.D. Tenn. 2014) (same); *In re Rosa* B.R. 337 (Bankr. N.D. Cal 20140) (disallowing claim for discharge debt). The Bankruptcy Court abused its discretion and erred by dismissing the case and then declaring the Appellant Second Amended Objection to Claim 6-1, moot). *See In re Dabrowski*, 257 B.R. 394, 406-07 (Bankr. S.D.N.Y. 2001) (discharge order has prospective effects and declares "void" *any* judgment that construes the discharge order incorrectly). *See, In re Jones*, 2012 WL 5385682 (Bankr. E.D. ky. Nov. 2, 2012) (foreclosure actions violated discharge injunction insofar as it also sought money judgment).

*See, Houghton v. Foremost Fin. Services*, 724 F.2d 112 (10th Cir. 1983); *In re Braun*, 152 B.R. 466 (N.D. Ohio 1993) (Creditor's postpetition suit against debtor violated discharge injunction and attorney held in contempt despite creditor's claim that it sought only damages for postpetition conversion of collateral when suit did not seek to obtain property or its value, but rather sought precise amount previously owed on note). *See* (2d Cir. 1992) ("The discharge of a debt pursuant to 727 triggers the operation of § 524, which protects the debtor from any personal

liability on the debt.) Thus, any judgment determining a debtor's personal liability on a discharged debt is automatically void no matter when it is obtained. 11 U.S.C. 524 (a)(1). No action may be commenced or continued against the debtor and no process may be employed against him to determine his personal liability on a discharged debt. 11 U.S.C. § 524 (a)(2).   Please take Judicial Notice of the Memorandum of Decision and Order Finding Violations of the Discharge Injunction and awarding sanctions, See ***In re: Jon Dogar-Marinesco and Manuela Mihailescu* Chapter 7 Case No. 09-35544 (CGM), Rendered by the Hon. Chief U.S. Bankruptcy Judge Cecelia G. Morris of the U.S. Bankruptcy Court Southern District Court of New York,** Underlying mortgage debt was discharged and the Debtors were no longer personally liable on the note; thus, there is no "balance due" This is the same statements made on **January 3, 2017, by Chief Judge Julie A. Manning** stated creditor did not need to file a proof of claim there is no "balance due". U.S. Bank should have moved for relief from the stay and failed to do so because of a lack of standing. The Appellant had a right to file his second amended objection to U.S. BANK claim. The Bankruptcy Court clearly has erred by dismissing the case, then declaring the Appellant's Objection moot to non-party.

The Bankruptcy Court erred by overlooking the Affidavit of the lost note and sworn testimony filed in State Court that JPMorgan Chase Bank, N.A. *purchased*

the Note from Residential Funding Company LLC., from the original lender. The

Bankruptcy Court, allowed Attorney Crook who personally prosecuted the

dismissal of the Appellant second petition which created the erroneous case law in

this District Court that Judge Nevis disagreed with in her two decisions see *In Re*

*Joseph J. Sabatini*, and *In Re Marco C. Rumbin*, that the Trustee argued that dismissal

unlike the hearing held on January 10, 2018, Molly T. Whiton had retired on

September 1, 2017 and the Bankruptcy Court issued Orders 343 and Order 344,

were also issued in violation of 11 U.S.C. §§ 727 and 524(a)(2).

*In re Shapoval,* 441 B.R. 104 (Bankr. D. Mass. 2010) (indorsement of note set

forth in allonge was not valid if allonge was not affixed to note) *In re* Jackson, 451

B.R. 24 (Bankr. E.D. Cal. 2011); *See In re Garcia,* 584 B.R. 483 (Bankr. S.D.N.Y.

2018) (no standing where note endorsed in blank and movant offered no evidence

it possessed note); See *Veal v. Am. Home Mortg. Servicing, Inc.. (In re* Veal), 450

B.R. 897 (B.A.P. 9th Cir. 2011) (lack of possession of note or assignment of note

fatal to standing to enforce note); *In re* Jackson, 451 B.R. 24 (Bankr. E.D. Cal.

2011) (no standing where there was no evidence movant was holder of note by

endorsement or possession of note). It is State law controls the determination of

property rights in a bankruptcy case and therefore, governs a party's standing to

enforce an instrument. *In re Idicula,* 484 B.R.284, 288 (Bankr. S.D.N.Y. 2013)

(citing *Buter v. U.S..,* 440 U.S. 48, 54(1979)). *See Deutsche Bank Nat, Trust CO.
v. Thompson, 136 A. 3d*1277, 163 Conn. App. 837 (AC3762).

## **CONCLUSION AND PRAYER**

The Bankruptcy Court has dismissed the Appellant's case with prejudice and a bar based on Claim 6-1, filed on behalf of a Non-Party Movant. Whose own evidence presented in its proof of claim clearly shows U.S. BANK did not own the Note and was not in possession of the Note and Mortgage and was not a secured creditor. Had no standing to file an objection to the Appellant's Plan. Which was a clear violation of the Appellant's discharge injunction!

Attorney Patrick Crook is not a Chapter 13, Trustee although he claimed to be in the certification of his motion to dismiss. He filed the Motion to Dismiss on behalf of U.S. BANK, a Non -Party Movant. Attorney Crook also filed objections to the Appellant's reorganizational Plan in violation of the Appellant's Discharge.

The Bankruptcy Court claimed in its Order that the Appellant filed his third petition to delay a pending foreclosure regarding 83 Willis St, which is not true. The Bankruptcy Court claims that the Appellant's primary residence is 15 Sachem Dr. Stratford CT, and the Appellee claims the Appellant lied by saying it was not his primary residence. Yet the Appellee did not disclose the required Corporate Disclosure Statement on behalf of U.S. BANK.

The Bankruptcy Court has abused its discretion having told Mr. Moore discharged debt cannot be reclaimed and yet in his second petition the Bankruptcy Court issued the following Order under Petition 16-51133 in violation of Mr. Moore discharge injunction and these parties NEVER FILED APPEARANCES.

See ECF. No. 28, Pages 232 to 237, Claim 2, 4, 10, 12, all received claim allowance in violation of Mr. Moore Discharge Injunction.  The Appellant PRAYER FOR RELIEF PURSUANT TO FRCP RULE 60(b)(1)(2)(3)(4) is that based on the evidence showing U.S. BANK was a Non-Party Claimant without standing. The Court will OVERRULE Order No. 136 & Order 147 with Prejudice!

*Johnny Ray Moore*

Johnny Ray Moore, Appellant
15 Sachem Drive
Shelton CT 06484
greenenergyjrm @ gmail com
(203) 395-4282

25

## <u>CERTIIFICATE OF COMPLIANCE</u>

1. Type-Volume

The Court granted Mr. Moore Motion to exceed the page limit, he was granted 25 countable pages, therefore the Appellant, being Pro se, has complied with the Page limit set by the Court's Order.

2.    Typeface and Type-Style

I certify, that the Appellant's Reply Brief complies with the typeface requirements of FRAP Rule 32(a)(5) and the type-style requirements of FRAP 32(a)(6)

THE APPELLANT

Johnny Ray Moore
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
(203) 395-4882

26

## CERTIFICATE OF SERVICE

I, hereby Certify, that I have this 16 day of February 16, 2020, served a true and correct copy of the foregoing Appellant's Reply Brief, upon all appearing Parties named below as well as a *courtesy copy upon the following:

Attorney Patrick Crook
10 Columbus Boulevard, 6th floor
Hartford CT 06106
Pcrook @ch13rn.com
(860) 278-9410

Roberta Napolitano, Chapter 13, Trustee
10 Columbus Boulevard, 6th floor
Hartford CT 06106
notices@ch13rn.com
(860) 278-9410

Attorney Linda St. Pierre
McCalla Raymer Leibert Pierce LLC
50 Weston Street
Hartford CT 06120
Linda.St.Pierre@mccalla.com
(860) 240-9256

*Saul O. Leopold, Esq.
Leopold & Associates, PLLC
80 Business Park Dr. Suite 110
Armonk, Ny 10504
sleopold@leopoldassociates.com
(914) 219-5787

*Kim McCabe, Asst. U.S. Trustee Office
Of the U.S.Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven Ct 06510
Kim.mccabe@usdoj.gov
(203) 773-2210

Johnny Ray Moore, Appellant
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
(203) 395-4882

27