# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
IN RE: JOHNNY RAY MOORE        :    Civ. No. 3:20CV00705(SALM)
      Debtor-Appellant         :    Bankr. No. 19-51257(JAM)
                               :
                               :    Chapter 13
                               :
                               :    February 16, 2022
                               :
-------------------------------x
```

## <u>MEMORANDUM OF DECISION AND ORDER</u>

Pending before the Court is the appeal of self-represented debtor Johnny Ray Moore ("Mr. Moore" or "Appellant") from two orders of the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court").[1] Mr. Moore appeals from (1) the March 10, 2020, Memorandum of Decision and Order dismissing his Chapter 13 bankruptcy case with prejudice and imposing a three-year filing bar; and (2) the May 6, 2020, Order denying his motion for a new trial. See Doc. #1.[2] For the reasons set forth below, the Court **AFFIRMS** the orders of the Bankruptcy Court.[3]

---

[1] This Appeal was transferred to the undersigned on October 15, 2021. See Doc. #61.

[2] References to the docket in this case are denoted by "Doc.", while references to the docket in the underlying Bankruptcy case are denoted by "Bankr. Doc." Citations to a document's page number refer to the page number in the document's ECF heading.

[3] Appellees JPMorgan Chase Bank, National Association ("JPMorgan") and Roberta Napolitano, Chapter 13 Standing Trustee, have submitted briefs in opposition to the appeal, to

1

I.   **Background**

To fully understand the background of the instant appeal, a brief review of the Appellant's prior bankruptcy cases is warranted. See Bankr. Doc. #7 ("Clerk's Evidence of Repeat Filings"). The below summary is not meant to be a comprehensive review of Appellant's litigation history before the Bankruptcy or State courts, but is necessary to an understanding of the Bankruptcy Court's order of dismissal and filing bar. Although the entirety of Appellant's litigation history is not detailed in the Bankruptcy Court's orders that are the subject of this appeal, the Bankruptcy Court presided over each of Mr. Moore's three bankruptcy proceedings, including the one now at issue, and was acutely aware of his litigation history. See Doc. #28 at 188-231 (docket report for In re Moore, No. 16-51133(JAM)

_____

which Appellant has filed a reply brief. See Docs. #23, #40, #55. JPMorgan's opposition is in the form of a motion to dismiss. See Doc. #23. Prior to the transfer of this case to the undersigned, Judge Kari A. Dooley entered an Order stating: "The Motion to Dismiss shall be considered simultaneously with the Appellant's substantive appeal." Doc. #32. The motion to dismiss asserts three arguments, one of which asserts that the appeal is frivolous. See generally Doc. #23. "Although a motion to dismiss is the proper procedural vehicle to" assert that an appeal is frivolous, "it is not the proper vehicle for challenging the merits of the appeal[.] Because the Court affirms the orders of the Bankruptcy Court, it need not reach the issue of whether the appeals should be dismissed as frivolous." In re Bartley, No. 3:19CV00400(KAD), 2019 WL 6467353, at *1 n.2 (D. Conn. Dec. 2, 2019) (citations omitted). Accordingly, JPMorgan's Motion to Dismiss [**Doc. #23**] is **TERMINATED, as moot.**

(Bankr. D. Conn. Aug. 24, 2016) (the "2016 Bankruptcy case"));

id. at 367-429 (docket report for In re Moore, No. 12-51027(JAM)

(Bankr. D. Conn. May 31, 2012) (the "2012 Bankruptcy case"));[4]

see also Bankr. Doc. #7 ("Clerk's Evidence of Repeat Filings");

Bankr. Doc. #131 (Audio Hearing of February 25, 2020, Hearing).

The Bankruptcy Court was also well aware of Mr. Moore's history

in foreclosure matters, as is documented in the record, and

further discussed below. See Bankr. Docs. #37, #72; 2016

Bankruptcy case at Docs. #266, #344.

At the time Appellant filed his 2012 Bankruptcy case, he

was a defendant in two foreclosure actions pending before the

Connecticut State Superior courts. See Bankr. Doc. #37 at 7.

First, on October 15, 2009, Christina Trust, a Division of

Wilmington Savings Society, FSB, filed a foreclosure action

against Appellant to foreclose its interests in the property

located at 83 Willis Street, New Haven, Connecticut. See id. at

9; see also Christina Trust, a Div. of Wilmington Savs. Soc'y,

FSB v. Moore, No. NNH-CV09-6005365-S (Conn. Super. Ct. Oct. 15,

2009) (the "Christina Trust foreclosure"). After a vigorous

defense to that foreclosure action by Appellant, a judgment of

strict foreclosure entered on April 2, 2012, setting the law day

---

[4] The Chapter 7 case was transferred to Judge Julie A. Manning on
September 1, 2016. See Doc. #28 at 424.

for June 4, 2012. See Bankr. Doc. #37 at 11; see also Christina Trust foreclosure at Doc. #131.

Second, on October 19, 2009, JPMorgan brought a foreclosure action against Appellant seeking to foreclose on its interests in the property located at 15 Sachem Drive, Shelton, Connecticut. See 2016 Bankruptcy case at Doc. #266 at 43; Doc. #344 at 4; see also JPMorgan Chase Bank, Nat'l Ass'n v. Moore, No. AAN-CV09-6001369-S (Conn. Super. Ct. Oct. 19, 2009) (the "JPMorgan foreclosure"). After unsuccessfully moving to dismiss that foreclosure action, Appellant filed his answer and special defenses on May 3, 2012. See 2016 Bankruptcy case at Doc. #266 at 45; see also JPMorgan foreclosure at Doc. #134.

Appellant filed for Chapter 13 bankruptcy on May 31, 2012. See Doc. #28 at 367; see also In re Moore, No. 12-51027(JAM) (Bankr. D. Conn. May 31, 2012). He later converted his case from a Chapter 13 to a Chapter 11 proceeding. See Doc. #28 at 376; 2012 Bankruptcy case at Docs. #83, #84. After much litigation, Appellant's case was converted to a Chapter 7 proceeding on October 29, 2014. See Doc. #28 at 406; 2012 Bankruptcy case at Doc. #358. On February 4, 2015, Appellant received a Chapter 7 discharge. See Doc. #28 at 414; 2012 Bankruptcy case at Doc. #437.

4

Following the discharge and lift of the bankruptcy stay in the 2012 Bankruptcy case, litigation in the two foreclosure actions continued in earnest. After Appellant again vigorously defended against the JPMorgan foreclosure, the State Superior Court entered summary judgment in favor of JPMorgan on March 21, 2016. See 2016 Bankruptcy case at Doc. #266 at 46; JPMorgan foreclosure at Doc. #144.02. Appellant filed several motions in response to the entry of summary judgment, including motions to reconsider, to disqualify the judge, and to vacate the order granting the motion for summary judgment. See 2016 Bankruptcy case at Doc. #266 at 47; JPMorgan foreclosure at Docs. #165, #185, #190. On August 17, 2016, the State Superior Court entered an order that all pending motions would be heard on August 25, 2016. See 2016 Bankruptcy case at Doc. #266 at 47; JPMorgan foreclosure at Doc. #192. Appellant sought a continuance of that hearing on August 17, 2016, which was denied by the State Superior Court on August 23, 2016. See 2016 Bankruptcy at Doc. #266 at 47-48; JPMorgan foreclosure at Docs. #193, #193.01.

At the same time, Appellant was also defending the Christina Trust foreclosure. On January 19, 2016, the State Superior Court entered a modified judgment of strict foreclosure, which reset the law day to April 4, 2016. See Bankr. Doc. #37 at 12; Christina Trust foreclosure at Doc. #163.

Thereafter, and through August 2016, Appellant continued to unsuccessfully contest the Christina Trust foreclosure by filing motions to continue, motions to vacate, and motions to reconsider. See Bankr. Doc. #37 at 13-14.

On August 24, 2016, Appellant filed a new Chapter 13 bankruptcy case. See Doc. #28 at 188; see also In re Moore, No. 16-51133(JAM) (Bankr. D. Conn. Aug. 24, 2016). Mr. Moore's 2012 Bankruptcy case was still open at that time. See Doc. #28 at 424-29. The 2016 Bankruptcy case was also heavily litigated. See generally Doc. #28 at 188-291.

On January 18, 2017, the Chapter 13 Trustee filed an Amended Motion to Dismiss the 2016 Bankruptcy case, asserting that Appellant was not eligible for Chapter 13 relief because his secured debts exceeded the debt limitations set forth in 11 U.S.C. §109(e). See Doc. #28 at 197; 2016 Bankruptcy case at Doc. #91.[5] A hearing on the Amended Motion to Dismiss was noticed for December 14, 2017. See Doc. #28 at 213; 2016 Bankruptcy case at Doc. #263.

Appellant failed to appear for the December 14, 2017, hearing. See Doc. #28 at 220; 2016 Bankruptcy case at Doc. #310

---

[5] During the pendency of this motion, Appellant filed twelve objections to the claims of creditors, the majority of which were overruled by the Bankruptcy Court. See Doc. #28 at 209-10; 2016 Bankruptcy case at Docs. #207, #208, #209, #210, #215, #216.

(Audio Transcript of December 14, 2017, Hearing at 0:37-1:25). On December 15, 2017, the Bankruptcy Court ordered Appellant to "appear and show cause why the case should not be dismissed as a bad faith filing." Doc. #28 at 220; 2016 Bankruptcy case at Doc. #312. The Bankruptcy Court set a show cause hearing for January 10, 2018. See id. The Bankruptcy Court held the hearing as scheduled, dismissed Appellant's case, and entered a one-year filing bar. See generally Doc. #28 at 223; 2016 Bankruptcy case at Doc. #344. Appellant appealed that order to the District Court. See Doc. #28 at 227; 2016 Bankruptcy case at Doc. #364. On March 14, 2019, the District Court dismissed the appeal. See Doc. #28 at 231; 2016 Bankruptcy case at Doc. #405. The 2016 Bankruptcy case was closed on April 3, 2019. See Doc. #28 at 231.

Less than six months later, Mr. Moore filed the 2019 Chapter 13 case now at issue.[6] See Doc. #28 at 27. The docket report for that case explicitly references the "Evidence" of Appellant's "Repeat Filings":

---

[6] At the time Appellant filed his 2019 Chapter 13 case, two additional foreclosure actions had been filed against him in the State Superior courts. See Bankr. Doc. #37 at 7; see also The Bank of New York Mellon v. Moore, No. FBT-CV18-6074995-S (Conn. Super. Ct. May 22, 2018); JPMorgan Chase Bank Nat'l Ass'n v. Moore, No. FBT-CV18-6076680-S (Conn. Super. Ct. July 16, 2018).

| | | 7 | Clerk's Evidence of Repeat Filings |
|---|---|---|---|
| | | | Johnny Ray Moore    <u>16–51133</u>   Ch13 filed in Connecticut on 08/24/2016, Dismissed for Other Reason on 01/12/2018 |
| | | | <u>12–51027</u>   Ch7 filed in Connecticut on 05/31/2012, Standard Discharge on 02/04/2015 |
| 09/23/2019 | | | (Admin) (Entered: 09/23/2019) |

Bankr. Doc. #7. On October 4, 2019, Appellant filed a proposed Chapter 13 Plan, to which several creditors and the Chapter 13 Trustee objected. See Bankr. Docs. #9, #15, #21, #23. On December 11, 2019, the Chapter 13 Trustee filed a Motion to Dismiss Appellant's case with prejudice, and also requested the imposition of a two-year filing bar. See Bankr. Doc. #37. The Chapter 13 Trustee asserted that the case should be dismissed because: (1) "This is a second filing with no reasonable prospect of confirming a Chapter 13 Plan[,]" id. at 1; (2) Appellant's "multiple bankruptcy filings demonstrate bad faith[,]" id.; and (3) Appellant's secured debts exceeded the debt limit set forth in 11 U.S.C. §109(e), making him ineligible for Chapter 13 relief, see id. at 4. Attached to the motion was a list of Appellant's then-pending foreclosure actions, including the entire docket report for the Christina Trust foreclosure. See id. at 7-14. The Bankruptcy Court scheduled a hearing on the Chapter 13 Trustee's motion for January 16, 2020. [Bankr. Doc. #38]. Appellant filed an objection to the motion to dismiss on January 7, 2020. [Bankr. Doc. #57].

On December 13, 2019, Appellant filed a First Amended
Chapter 13 Plan, to which the Chapter 13 Trustee and certain
creditors again objected. See Bankr. Docs. #41, #59, #67, #68.
During the pendency of the motion to dismiss, Appellant filed
several objections to the claims of various creditors. See
Bankr. Docs. #65, #66, #70, #71. Although Appellant appeared for
the January 16, 2020, hearing, the Bankruptcy Court continued
the hearing to allow "for parties to respond to the objections
to claim[.]" Doc. #15 (Transcript of January 16, 2020, Hearing
at 13:16-24); see also Bankr. Doc. #73. The hearing was
continued to February 25, 2020. See Bankr. Doc. #77.

On February 24, 2020, after filing (1) a motion for
evidentiary hearing, and (2) a motion to convert his Chapter 13
case to a Chapter 11 case, Appellant filed a motion seeking to
continue the February 25, 2020, hearing. See Bankr. Docs. #122,
#123. #124. The Bankruptcy Court held the hearing as scheduled
on February 25, 2020, and granted the Chapter 13 Trustee's
Motion to Dismiss, and JPMorgan's Motion for Relief from Stay.
See Bankr. Doc. #130.[7] A Memorandum of Decision and Order

---

[7] JPMorgan filed a Motion for Relief from Stay regarding 10
Rosemary Drive, Stratford, Connecticut, on January 16, 2020. See
Bankr. Doc. #72. After receiving an extension to respond to this
motion, Appellant filed his objection to this motion on February
6, 2020. [Bankr. Doc. #90]. The Court noticed a hearing on the
motion for February 18, 2020 [Bankr. Doc. #94], but ultimately
continued the date to February 25, 2020 "based upon the Debtor

Granting Motion for Relief from Automatic Stay entered on March 10, 2020. See Bankr. Doc. #134. On that same date, the Bankruptcy Court issued a Memorandum of Decision and Order Dismissing Case with Prejudice with a Three-Year Bar to Refiling. See Bankr. Doc. #136; see also In re Moore, No. 19-51257(JAM), 2020 WL 1207911 (Bankr. D. Conn. Mar. 10, 2020).

On March 24, 2020, Appellant filed a Motion for a New Trial attacking the Bankruptcy Court's order dismissing his case with prejudice and imposing a three-year filing bar. See Bankr. Doc. #143. The Bankruptcy Court denied that motion on May 6, 2020, finding: "No grounds exist under Fed. R. Civ. P. 59 or Fed. R. Bankr. P. 9023 to grant a new trial[.]" Bankr. Doc. #147.

On May 20, 2020, Mr. Moore filed the instant appeal of the Bankruptcy Court's dismissal order and order denying his motion for a new trial. See Doc. #1.

## II.   **Standard of Review on Appeal**

The District Court has "jurisdiction to hear appeals from final judgments, orders, and decrees[]" of the United States Bankruptcy Court. 28 U.S.C. §158(a)(1). "The scope of the notice of appeal determines the subject matter jurisdiction of this Court." In re Emanuel, 450 B.R. 1, 6 (S.D.N.Y. 2011). Further,

---

contacting the court that he is unavailable on the 18th." Bankr. Doc. #103.

the District Court's review "is limited to the record before the Bankruptcy Court." O'Hara v. Napolitano, No. 3:18CV01899(JAM), 2019 WL 2066962, at *4 (D. Conn. May 10, 2019).

The District Court "review[s] the bankruptcy court's findings of fact for clear error and its legal determinations de novo." In re Anderson, 884 F.3d 382, 387 (2d Cir. 2018). "Mixed questions of law and fact are also subject to de novo review." In re Toor, 477 B.R. 299, 303 (D. Conn. 2012); see also In re Wenegieme, No. 17CV02100(RJS), 2018 WL 9536800, at *2 (S.D.N.Y. Jan. 9, 2018) ("Chapter 13 eligibility determinations involve issues of statutory construction and conclusions of law, and therefore are reviewed de novo." (citation and quotation marks omitted)). "[T]he determination of the amount of any such debt [for purposes of Chapter 13 eligibility] is a question of fact and cannot be reversed unless clearly erroneous." In re De Jounghe, 334 B.R. 760, 765 (B.A.P. 1st Cir. 2005). "A finding of fact is clearly erroneous ... when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." In re Miner, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (citation and quotation marks omitted).

"Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of

discretion." In re Murray, 565 B.R. 527, 530 (S.D.N.Y.

2017), aff'd, 900 F.3d 53 (2d Cir. 2018). Time-bars on

subsequent bankruptcy filings are likewise "reviewed for abuse

of discretion." In re Buhl, 453 F. Supp. 3d 529, 534 (D. Conn.

2020).

> A bankruptcy court exceeds its allowable discretion
> where its decision (1) rests on an error of law (such as
> application of the wrong legal principle) or a clearly
> erroneous factual finding, or (2) cannot be located
> within the range of permissible decisions, even if it is
> not necessarily the product of a legal error or a clearly
> erroneous factual finding.

In re Smith, 507 F.3d 64, 73 (2d Cir. 2007) (citation and

quotation marks omitted).

Finally, the Court is mindful of the special solicitude

afforded to self-represented parties. See In re Buhl, 453 F.

Supp. 3d at 534 n.2. However, the rationale for affording

special solicitude to self-represented litigants is diminished

where a self-represented party has experience with litigation,

as this Appellant does.[8] In such cases, "the deference usually

granted to pro se [parties] need not be expansively drawn[.]"

Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

---

[8] Appellant is well versed in civil and bankruptcy litigation,
having represented himself in each of his three bankruptcy cases
(including a prior appeal to the District Court), and many of
the state court foreclosure matters.

III. **Discussion**

Appellant's Second Amended Statement of the Issues lists ten issues, nine of which relate to the Bankruptcy Court's dismissal of his case, with prejudice, and the imposition of a three-year filing bar. See Doc. #33-1; see also Doc. #37 at 10-12.[9] The Court begins its discussion with the Bankruptcy Court's determination that Appellant was not eligible for Chapter 13 relief.

A. Order Dismissing Case with Prejudice and Three-Year Filing Bar

1. *Chapter 13 Eligibility*

The Bankruptcy Court dismissed Appellant's case because his secured debt exceeded the eligibility limit under 11 U.S.C. ¶109(e). See Doc. #136 at 2-3; In re Moore, 2020 WL 1207911, at *1. Appellant asserts this was error for several reasons, but primarily argues that the Bankruptcy Court erred "by concluding that pre-petition discharge debt received under Chapter 7, petition can be recalculated in a post-petition chapter 13 reorganization plan inter alia In determining eligibility under section 109(e) of the United State Bankruptcy Code[.]" Doc. #37

---

[9] Issue number 10 contends that the Bankruptcy Court violated Appellant's "Discharge Injunction[.]" Doc. #33-1 at 2-3; Doc. #37 at 12. This does not relate to the issues identified in the Notice of Appeal filed in this case, and accordingly the Court does not have jurisdiction to consider the issue. See O'Hara, 2019 WL 2066962, at *4.

at 12-13 (sic); see also id. at 42-46. The Chapter 13 Trustee contends, in relevant part: "Dismissal of the case was proper given that the [Appellant] clearly exceeded the debt limit." Doc. #40 at 6.

"Pursuant to section 109(e) of the Bankruptcy Code, only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, secured debts of less than $1,257,850.00 is eligible to be a debtor under Chapter 13." In re Porzio, 622 B.R. 20, 24 (Bankr. D. Conn. 2020). "If the debtor does not meet the section 109(e) requirements, the bankruptcy court may dismiss the petition." In re Taneja, 789 F. App'x 907, 909 (2d Cir. 2019).

The Bankruptcy Court determined that "[t]he secured claims filed in [Appellant's] 2019 Bankruptcy Case total $1,793,380.52, well above the secured debt limit[,]" and "even the secured debt on only [Appellant's] primary residence, 15 Sachem Drive, Stratford, Connecticut, which is $1,270,859.91, exceeds the secured debt limit." Bankr. Doc. #136 at 3; In re Moore, 2020 WL 1207911, at *1.

As an initial matter, and as will be relevant to the Court's later discussion, Appellant contends that there was "[no] evidence that Mr. Moore's primary residence is located at 15 Sachem Drive, Shelton, Connecticut 06615." Doc. #37 at 24. To

14

the contrary, the Schedules to the Chapter 13 Petition filed by Appellant in the Bankruptcy Court on February 20, 2019, state under the penalty of perjury, that 15 Sachem Drive is his "PRIMARY RESIDENCE." Bankr. Doc. #1 at 11 (sic); see also id. at 2 (stating that he "live[s]" at the Sachem Drive address); Bankr. Doc. #41 at 9 (Appellant's First Amended Proposed Chapter 13 Plan listing his "Principle Residence" as "15 Sachem Drive"). Accordingly, this finding is not clearly erroneous.

Next, Appellant appears to assert that the Bankruptcy Court committed reversible error by failing to hear his objections to certain claims before acting on the motion to dismiss. See Doc. #37 at 11, 17-18. The Court construes this argument as asserting that the Bankruptcy Court erroneously considered the disputed claims when calculating his debt limit. Although Appellant may have objected to certain claims, those objections do "not remove the amount of the claim from the debt limit calculation." In re Massie, No. 19-51593(JAM), 2020 WL 2500623, at *2 (Bankr. D. Conn. May 14, 2020); In re Porzio, 622 B.R. at 24 ("Although the Debtor has challenged the validity of JPMorgan's claim in the Complaint, the challenge to the claim does not remove the amount of the claim from the debt limit calculation." (footnote omitted)); In re Mazzeo, 131 F.3d 295, 303 (2d Cir. 1997) ("We cannot view a debt as contingent merely because the debtor

disputes the claim[.]"); In re Toronto, 165 B.R. 746, 752 (Bankr. D. Conn. 1994) ("The mere fact that the amount of or liability on a claim is disputed does not necessarily render the claim unliquidated.").[10] Accordingly the Bankruptcy Court did not err by including the disputed claims in its debt limit calculation.

Finally, Appellant argues that the Bankruptcy Court erred when calculating the debt limit by including "a debt discharged in Mr. Moore's Chapter 7, the first bankruptcy." Doc. #37 at 42. The Chapter 13 Trustee asserts that this position "is not consistent with the law[,]" and "the creditor's right to foreclose the lien of the mortgage[]" survived Appellant's Chapter 7 bankruptcy. Doc. #40 at 8-9. The debt to which Appellant refers is the mortgage loan on his primary residence, 15 Sachem Drive, held by US Bank. See Bankr. Doc. #65.

The Bankruptcy Court did not err by including Appellant's debt to US Bank in its calculation of the secured debt limit. The "debt" or "claim" at issue is "secured only by a security

---

[10] Additionally, during the February 25, 2020, hearing, the Bankruptcy Court stated that if it were to rule on Appellant's objections, they would be overruled because Appellant raised the same objections as those asserted in the 2016 Bankruptcy, where they were overruled. See Bankr. Doc. #131 (Audio Transcript of February 25, 2020, hearing at 15:15-17:55, 42:40-43:46, 52:00-52:20).

interest in real property that is the debtor's principal residence[.]" 11 U.S.C. §1322(b)(2). Thus, the rights of US Bank "may not be modified in a Chapter 13 Plan in accordance with the anti-modification provision set forth in 11 U.S.C. §1322(b)(2)." In re Porzio, 622 B.R. at 25. Although Appellant received a previous discharge of his in personam liability on this debt, he "may not attempt to bifurcate the debt due to the operation of section §1322(b)(2)," and therefore, "the total amount of [US Bank's debt] is counted toward the secured debt limit in section 109(e)." In re Massie, 2020 WL 2500623, at *2; see also In re Porzio, 622 B.R. at 25 ("Because the debtor may not attempt to bifurcate the debt due to the operation of section 1322(b)(2), the total amount of JPMorgan's debt should be counted toward the secured debt limit in section 109(e).").

The total amount of US Bank's debt is therefore counted toward the secured debt limit because US Bank's lien on 15 Sachem Drive "survive[s] the Debtor's Chapter 7 discharge and the creditors are still permitted to proceed with their in rem rights with respect to the properties if payments are not timely made." In re Porzio, 622 B.R. at 25.

> Therefore, a bankruptcy discharge precludes a secured creditor from pursuing a deficiency judgment against the debtor personally, but it leaves intact the secured creditor's in rem right to foreclosure if payments are not made.

...

> Accordingly, a debtor's <u>in</u> <u>rem</u> liability on a prepetition foreclosure judgment may be considered to determine whether a debtor's secured debt exceeds Chapter 13 debt limits under section 109(e).

<u>Id.</u> at 25-26.

Appellant relies heavily on the case of <u>In re Rumbin</u>, 606 B.R. 31 (Bankr. D. Conn. 2019), to support his assertion that "[a] debt discharged by a Chapter 7 Bankruptcy, cannot and should not be held as a debt that affects the amount of debt the bankrupt has, for a Chapter 13 Bankruptcy, numerous years later." Doc. #37 at 46. <u>In re Rumbin</u> opines that "[w]ithin the bankruptcy courts of the Second Circuit there are examples of differing approaches to the question of a debtor's eligibility for Chapter 13 relief when a prior Chapter 7 case has eliminated the <u>in</u> <u>personam</u> liability but not the <u>in</u> <u>rem</u> liability, and the surviving lien amounts exceed the debt limit set forth in §109(e)." <u>In re Rumbin</u>, 606 B.R. at 38. In adopting a bifurcation approach, the <u>Rumbin</u> court relied, in large part, on the treatise <u>Collier on Bankruptcy</u> for the proposition that:

> "Although [§506(a)] speaks of 'allowed claims,' and a secured claim typically is not 'allowed' at the time eligibility is usually determined, most courts have concluded that section 506(a) should be applied to bifurcate the undersecured claim of a secured creditor into secured and unsecured portions for purposes of determining eligibility under section 109(e)."

In re Rumbin, 606 B.R. at 38 (quoting 4 Collier on Bankruptcy ¶506.03[4][c] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2019)). Although Collier does state this proposition, the treatise later expressly acknowledges the exception to that rule, which makes it inapplicable to the scenario that was before the Bankruptcy Court:

> Section 1322(b) limits the availability of section 506(a) to bifurcate claims secured only by a mortgage lien or security interest in the debtor's principal residence. Specifically, section 1322(b)(2) provides that a chapter 13 plan may not modify the rights of the holder of this type of claim.

4 Collier on Bankruptcy ¶506.03[7][c][iii] (Alan N. Resnick & Henry J Sommer, eds., 16th ed. 2021) (footnote omitted); see also Nobelman v. American Savs. Bank, 508 U.S. 324 (1993). Accordingly, Appellant's reliance on In re Rumbin is misplaced – particularly given the long line of case law supporting the Bankruptcy Court's conclusion on this issue. See, e.g., In re Prosper, 168 B.R. 274, 275 (Bankr. D. Conn. 1994); In re Porzio, 622 B.R. at 20; In re Massie, 2020 WL 2500623, at *2; In re Munoz, 428 B.R. 516 (Bankr. S.D. Cal. 2010).

Based on the foregoing, the Bankruptcy Court did not err by including Appellant's debt to US Bank in its calculation of the secured debt limit; its debt limit calculations are not clearly erroneous; and the Bankruptcy Court did not err by finding that Appellant did not qualify for Chapter 13 relief. Therefore, the

Bankruptcy Court did not abuse its discretion in dismissing Appellant's case pursuant to 11 U.S.C. section 1307(c) on this basis. <u>See</u> <u>In re Porzio</u>, 622 B.R. at 24 ("Cause under section 1307(c) may include a debtor's failure to meet eligibility requirements." (citation and quotation marks omitted)); <u>In re Seaman</u>, 340 B.R. 698, 708 (Bankr. E.D.N.Y. 2006) ("The petitioner's ineligibility to be a debtor is also cause to dismiss a bankruptcy case under Sections 707(a), 1307(c), or 1112(b).").[11]

The Court turns next to whether the Bankruptcy Court abused its discretion by dismissing Appellant's case with prejudice and by imposing a three-year filing bar.

> ## 2.   *Dismissal with Prejudice and Filing Bar*

The Bankruptcy Court dismissed Appellant's case with prejudice after concluding that his "case was not filed in good faith and was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process." Bankr. Doc. #136

---

[11] As relevant to the below discussion, "it is well established that lack of good faith may also be cause for dismissal under §1307(c)." <u>In re Morello</u>, No. 20-31185(AMN), 2021 WL 5071957, at *3 (Bankr. D. Conn. Oct. 8, 2021) (citation and quotation marks omitted). Although the Bankruptcy Court did not dismiss Mr. Moore's case for lack of good faith, the Court affirms the Bankruptcy Court's dismissal order on this alternative basis. <u>See</u> <u>Reverend C.T. Walker Hous. Dev. Fund Corp. v. City of New York</u>, 586 B.R. 534, 537 (E.D.N.Y. 2018) ("[T]he Court may affirm on any basis apparent in the record.").

at 4; In re Moore, No. 19-51257(JAM), 2020 WL 1207911, at *2. In support of this conclusion, the Bankruptcy Court relied on the facts that: (1) Appellant was "unable to propose a feasible, confirmable Chapter 13 Plan[;]" (2) Appellant's "filings in the ... 2019 Bankruptcy Case demonstrate that he is attempting to relitigate the issues this Court has already ruled upon in a prior Chapter 13 case filed by" Appellant; and (3) Appellant "has used the bankruptcy court to frustrate state court foreclosure proceedings." Bankr. Doc. #136 at 4-7; In re Moore, 2020 WL 1207911, at *2-3 (footnote omitted). Appellant disputes these findings, asserting that there is no evidence to support them. See generally Doc. #37 at 19-42.

"The Second Circuit has treated bankruptcy courts' findings of bad faith based on serial bankruptcy filings as finding of fact reviewable for clear error." In re Toor, 477 B.R. at 306. "Similarly, the Bankruptcy Court's rendering of other factual findings that underlie its dismissal[] ... will be deemed to give rise to an abuse of discretion only when such findings are clearly erroneous." In re Buhl, 453 F. Supp. 3d at 534 (citation and quotation marks omitted).[12]

---

[12] 11 U.S.C §349(a) "expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." In re Morello, 2021 WL 5071957, at *4 (citation and quotation marks omitted); see also 11 U.S.C. §349(a). "Thus, if cause warrants, a court is

First, the Bankruptcy Court's finding that Appellant was unable to propose a confirmable Chapter 13 Plan is not clearly erroneous. The Court is "not left with the definite and firm conviction that a mistake has been made," In re Toor, 477 B.R. at 303, with respect to this finding based on: (1) Appellant's First Amended Chapter 13 Plan, see Bankr. Doc. #41; (2) Appellant's Schedules J and I, see Bankr. Doc. #1 at 36-4; (3) the proofs of claim filed, see Doc. #28 at 45-59, 78-86, 124-138; and (4) the information proffered by the Chapter 13 Trustee at the February 25, 2020, hearing. See Bankr. Doc. #131 (Audio Transcript of February 25, 2020, hearing at 4:00-6:10, 8:45-12:45, 26:26-27:22).

Second, the Bankruptcy Court's finding that Appellant was attempting to relitigate issues already ruled upon in a prior Chapter 13 case brought by Appellant is not clearly erroneous. As previously stated, the Bankruptcy Court was well aware of Appellant's 2016 Bankruptcy case, having presided over it for nearly five years. The basis for Appellant's objections to claims in this case, namely that he previously received a

---

authorized, pursuant to §349(a), to dismiss a bankruptcy case with prejudice to refiling." In re Casse, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998) (citation and quotation marks omitted). Additionally, the Bankruptcy Court may, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. §105(a).

Chapter 7 discharge, are nearly, if not completely, identical to those raised in the 2016 Bankruptcy case. Compare, e.g., Bankr. Docs. #65, #66, with 2016 Bankruptcy case at Docs. #139, #170. The Bankruptcy Court overruled Appellant's objections to the same claims in his 2016 Bankruptcy case. See 2016 Bankruptcy case at Docs. #207, #215. Thus, there is no clear error underlying the Bankruptcy Court's finding that Appellant was "rehashing arguments which he has already lost, which is an abuse of the bankruptcy process." Bankr. Doc. #136 at 6; In re Moore, 2020 WL 1207911, at *3.[13]

Third, the Bankruptcy Court's finding of bad faith based on the fact that Appellant "has used the bankruptcy court to frustrate state foreclosure proceedings[,]" is not clearly erroneous. Id.

> A number of factors may be indicative of a bad faith filing, including (1) the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights, (2) the debtor has filed multiple bankruptcy petitions, and (3) the debtor filed his bankruptcy petition on the eve of a foreclosure.

In re Buhl, 453 F. Supp. 3d at 535.

Again, the Bankruptcy Court had presided over Appellant's three bankruptcy cases for well over five years, and was acutely

---

[13] This was also addressed during the February 25, 2020, hearing. See Doc. #131 (Audio Transcript of February 25, 220, hearing at 15:15-17:55, 42:40-43:46, 52:00-52:20).

aware of Appellant's litigation history in both the state and federal bankruptcy courts See Doc. #131 (Audio Transcript of February 25, 220, hearing at 42:22-45:30); 2016 Bankruptcy case at Doc. #344. The record before the Bankruptcy Court, and the record of Appellant's prior bankruptcy filings, amply supports the Bankruptcy Court's determination of bad faith.

Finally, for the reasons previously discussed in relation to the Bankruptcy Court's decision to dismiss Appellant's case with prejudice, and based on its findings that (1) Appellant has used the bankruptcy court to frustrate state foreclosure proceedings, and (2) a prior one-year bar to re-filing did not deter Appellant from additional abuses of the bankruptcy process, the Bankruptcy Court's imposition of a three-year filing bar was not an abuse of discretion. See, e.g., In re Bolling, 609 B.R. 454, 458 (Bankr. D. Conn. 2019) (imposing two-year filing bar based on the "ample evidence that the Debtor has filed successive bankruptcy petitions to stay the running of the law day in the ... State Court Foreclosure Actions and not for any bankruptcy purpose[]"); In re Massie, 2020 WL 2500623, at *5 (imposing two-year filing bar where "the instant case was filed to frustrate creditors[] ... from exercising their applicable non-bankruptcy law rights to foreclose and not for a proper bankruptcy purpose[]").

Accordingly, "[t]he dismissal was neither founded upon clearly erroneous factual findings, nor an abuse of discretion for any other reason." In re Buhl, 453 F. Supp. 3d at 536.[14]

B.   Order Denying Motion for New Trial

Appellant does not analyze, or even address, why the Bankruptcy Court's denial of his "Motion for a New Trial" constitutes an abuse of discretion. Bankr. Doc. #143. Indeed, his Second Amended Statement of the Issues does not raise any issue related to the Bankruptcy Court's denial of his motion. See generally Doc. #33-1. Appellant thus appears to abandon this aspect of his appeal. Regardless, given the strict standard applicable to such requests for relief, the Court finds no indication that the Bankruptcy Court abused its discretion in denying Appellant's motion. See Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at

---

[14] Appellant asserts that there was no "factual evidence" to support the finding of bad faith. To the contrary, the records in each of Appellant's bankruptcy cases were more than sufficient to support the Bankruptcy Court's findings. To the extent Appellant asserts that he was denied due process, that assertion is clearly belied by the record in this case. Not only did Appellant received notice of the hearing at which his case was dismissed, but he attended that hearing and actively participated.

the apple[.] Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (citation and quotation marks omitted)), <u>as amended</u> (July 13, 2012).

    C.   <u>Appellant's Other Arguments</u>

The Court has considered all of Appellant's other arguments and finds each of them to be without merit.

## IV.  <u>Conclusion</u>

For the reasons stated, the Court **AFFIRMS** the orders of the Bankruptcy Court dismissing Appellant's Chapter 13 bankruptcy case with prejudice, imposing a three-year filing bar, and denying Appellant's motion for a new trial.

The Clerk of the Court shall close this case.

SO ORDERED at New Haven, Connecticut, this 16th day of February 2022.

                      _____/s/_____
                      Hon. Sarah A. L. Merriam
                      United States District Judge