APPEAL,BKAPP,CLOSED,EFILE,PROSE

# U.S. District Court
## District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:20-cv-00705-SALM

| | |
|---|---|
| In re: Moore | Date Filed: 05/21/2020 |
| Assigned to: Judge Sarah A. L. Merriam | Date Terminated: 02/16/2022 |
| Case in other court: U.S. Bankruptcy Court, 19-51257 | Jury Demand: None |
| Cause: 28:0158 Notice of Appeal re Bankruptcy Matter | Nature of Suit: 422 Bankruptcy Appeal (801) |
| | Jurisdiction: Federal Question |

**In Re**

**Johnny Ray Moore**

**Appellant**

**Johnny Ray Moore**     represented by     **Johnny Ray Moore**
15 Sachem Drive
Shelton, CT 06484
203-395-4282
PRO SE

V.

**Notice**

**US Trustee**     represented by     **US Trustee**
U.S. Trustee Office
150 Court St., Room 302
New Haven, CT 06510-7016
203-773-2210
Email: ustpregion02.nh.ecf@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**U.S. Bank National Association**     represented by     **Saul O Leopold**
*Not in its individual capacity but solely as trustee for the RMAC Trust Series 2016CTT c/o Rushmore Loan Management Services*
Leopold & Associates, PLLC
80 Business Park Dr Suite 110
Armonk, NY 10504
914-219-5787
Fax: 914-206-4066
Email: sleopold@leopoldassociates.com

|  |  |  |
|---|---|---|
|  |  | *LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Appellee**

**Bank of New York Mellon**
*as Trustee for the Certificateholders of the CWABS, Inc. AssetBacked Certificates, Series 200612 c/o Specialized Loan Servicing LLC formerly known as*
Bank of New York

**Appellee**

**Towd Point Master Funding Trust**
*2018Pm22 CO1, U.S. Bank National Association, Trustee c/o Specialized Loan Servicing LLC*

**Appellee**

**MEB Loan Trust IV**          represented by   **David A. Shaw**
*c/o Specialized Loan Servicing LLC*            Marinosci Law Group, P.C.
                                                 132 Main Street
                                                 Ste 2b
                                                 Southington, CT 06489
                                                 401-234-9200
                                                 Email: dshaw@mlg-defaultlaw.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Appellee**

**JPMorgan Chase Bank, National Association**     represented by   **Linda J. St. Pierre**
                                                 McCalla Raymer Leibert Pierce, LLC
                                                 50 Weston Street
                                                 Hartford, CT 06120
                                                 860-240-9156
                                                 Fax: 860-240-4256
                                                 Email: Linda.St.Pierre@mccalla.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Appellee**

**MERCORP Holdings Inc**

**Appellee**

**Mortgage Electronic Registration Systems, Inc.**

**Appellee**

| | | | |
|---|---|---|---|
| **U.S. Trustee** | | represented by | **Holley Longshore Claiborn**<br>Office of the U.S. Trustee<br>150 Court Street - Room 302<br>New Haven, CT 06510<br>203-773-2210<br>Fax: 203-773-2217<br>Email: Holley.L.Claiborn@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Appellee** | | | |
| **Roberta Napolitano**<br>*13 Trustee* | | represented by | **Patrick Crook**<br>Office of the Chapter 13 Trustee<br>10 Columbus Blvd.<br>Hartford, CT 06106<br>860-278-9410<br>Fax: 860-527-6185<br>Email: pcrook@ch13rn.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/21/2020 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number(s) 19-51257, filed by Johnny Ray Moore. (Attachments: # 1 Bankrupcy Memorandum of Decision, # 2 Bankruptcy Order Denying Motion) (Fanelle, N.) (Entered: 05/21/2020) |
| 05/21/2020 | 2 | USBC Transmittal Form (Fanelle, N.) (Entered: 05/21/2020) |
| 05/21/2020 | 3 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Kari A. Dooley on 5/21/2020. (Fanelle, N.) (Entered: 05/21/2020) |
| 05/21/2020 | 4 | STANDING PROTECTIVE ORDER<br>Signed by Judge Kari A. Dooley on 5/21/2020. (Fanelle, N.) (Entered: 05/21/2020) |
| 05/21/2020 | 5 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES: A notice of appeal was filed in the U.S. Bankruptcy Court on **5/21/2020**. The notice of appeal was transmitted to the U.S. District Court by the U.S. Bankruptcy Court and entered on the docket on **5/21/2020** pursuant to the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Appellant and Appellee shall comply with the deadlines set forth in Bankruptcy Rule 8009 for the filing of the designation of the items to be included in the record on appeal ("designation") and a statement of the issues to be presented ("statement of issues") in the Bankruptcy Court. *See* Fed. R. Bankr. P. 8009(a)(1)(B). As an alternative to filing a designation, the parties may jointly prepare an agreed |

| | | |
|---|---|---|
| | | statement of the record on appeal, pursuant to Bankruptcy Rule 8009(d) ("joint statement of record on appeal"). The briefs filed by the Appellant and Appellee shall comport with all of the requirements of the Bankruptcy Rules, including the filing deadlines set forth in Bankruptcy Rule 8018. The Appellant must serve and file a brief within thirty (30) days after the docketing of notice by the clerk that the record has been transmitted to this Court or is available electronically. *See* Fed. R. Bankr. P. 8018(a)(1). **Failure to comply with this Order or the deadlines set forth in Bankruptcy Rule 8009(a)(1)(B) regarding the filing of the designation and statement of issues may result in dismissal of the appeal without further notice from the Court.** Signed by Clerk on 5/21/2020. (Fanelle, N.) (Entered: 05/21/2020) |
| 05/21/2020 | 6 | NOTICE TO COUNSEL NOT ADMITTED TO THE BAR OF THE US DISTRICT COURT OF CONNECTICUT Re: Local Rule 83.1 Admission of Attorneys. The above captioned case has been received and filed in our court. Please see our Local Rule 83.1 regarding Admission of Attorneys that is available on our website at www.ctd.uscourts.gov. You will not be added to the case, nor will we accept further filings until you have complied with Local Rule 83.1. If you have any questions about this procedure, please contact the Clerk's Office.<br>Signed by Clerk on 5/21/2020. (Fanelle, N.) (Entered: 05/21/2020) |
| 06/02/2020 | 7 | NOTICE of Appearance by Patrick Crook on behalf of Roberta Napolitano (Crook, Patrick) (Entered: 06/02/2020) |
| 06/03/2020 | 8 | NOTICE by U.S. Trustee - *Notice of Non-Participation of William K. Harrington, United States Trustee,* (Velez-Rivera, Andrew) (Entered: 06/03/2020) |
| 06/04/2020 | 9 | Appearance Self Represented Party by Johnny Ray Moore. (Fanelle, N.) (Entered: 06/08/2020) |
| 06/04/2020 | 10 | NOTICE of Compliance by Johnny Ray Moore. (Fanelle, N.) (Entered: 06/08/2020) |
| 06/09/2020 | 11 | NOTICE of Appearance by Linda J. St. Pierre on behalf of JPMorgan Chase Bank, National Association (St. Pierre, Linda) (Entered: 06/09/2020) |
| 06/12/2020 | 12 | MOTION to Strike 11 Notice of Appearance by Linda J. St. Pierre by Johnny Ray Moore, Responses due by 7/6/2020. (Fanelle, N.) (Entered: 06/15/2020) |
| 06/15/2020 | 13 | AMENDED MOTION to Strike 11 Notice of Appearance by Linda J. St. Pierre by Johnny Ray Moore, Responses due by 7/6/2020. (Attachments: # 1 Memorandum in Support) (Fanelle, N.) (Entered: 06/16/2020) |
| 06/18/2020 | 14 | Transmission of Bankruptcy Appeal Record re 1 Bankruptcy Appeal. (Fanelle, N.) (Entered: 06/18/2020) |
| 06/18/2020 | 15 | TRANSCRIPT of Proceedings in Bankruptcy Court: Type of Hearing: Confirmation Hearing and Dismissal of Case, Held on 1/16/2020 before Judge Julie A Manning. Court Reporter: Phyllis P. Corella. Unrestricted |

| | | |
|---|---|---|
| | | transcripts may be obtained from Bankruptcy Court. (Fanelle, N.) (Entered: 06/18/2020) |
| 06/18/2020 | 16 | USBC Transmittal Form (Fanelle, N.) (Entered: 06/18/2020) |
| 06/18/2020 | 17 | NOTICE: A record on appeal in the above-entitled matter was transmitted to the District Court by the US Bankruptcy Court on 6/18/2020 and entered on the docket on 6/18/2020 pursuant to Bankruptcy Rules. The Appellant and Appellee shall serve and file their briefs pursuant to Bankruptcy Rule 8018. Appellant Brief due by 7/18/2020.<br>Signed by Clerk on 6/18/2020. (Fanelle, N.) (Entered: 06/18/2020) |
| 06/18/2020 | 18 | SCHEDULING ORDER. The Statement of Issues, Designation of Record, and Bankruptcy Appeal Record having been received by this Court, the following briefing schedule is hereby entered: The Appellant's brief is due on or before **July 20, 2020**. The Appellee's brief is due on or before **August 20, 2020**. The Appellant's reply brief is due on or before **September 3, 2020**. **The Appellant is on notice that failure to file a timely brief may result in dismissal of this appeal without further notice from the Court.** Fed. R. Bankruptcy P. 8018(a)(4).<br>Signed by Judge Kari A. Dooley on 6/18/2020. (D'Amato, Joseph) (Entered: 06/18/2020) |
| 06/19/2020 | 19 | Order finding as moot 12 Motion to Strike in light of the subsequently filed 13 Amended Motion to Strike and denying 13 Amended Motion to Strike. A motion to strike the appearance of an attorney is not the appropriate procedural mechanism for challenging the standing of the attorney's client. Signed by Judge Kari A. Dooley on 6/19/2020. (D'Amato, Joseph) (Entered: 06/19/2020) |
| 06/25/2020 | 20 | MOTION for Extension of Time to File Appellant's Brief by Johnny Ray Moore. (Fanelle, N.) (Entered: 06/26/2020) |
| 06/25/2020 | 21 | MOTION for Reconsideration of # 18 Scheduling Order for Filing Appellant's Brief by Johnny Ray Moore. (Fanelle, N.) (Entered: 06/26/2020) |
| 06/26/2020 | 22 | ***ENTERED IN ERROR - SEE DOC. 23*** First MOTION to Dismiss by JPMorgan Chase Bank, National Association.Responses due by 7/17/2020 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(St. Pierre, Linda) Modified on 6/29/2020 (Imbriani, Susan). (Entered: 06/26/2020) |
| 06/26/2020 | 23 | First MOTION to Dismiss by JPMorgan Chase Bank, National Association.Responses due by 7/17/2020 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2)(St. Pierre, Linda) (Entered: 06/26/2020) |
| 07/01/2020 | 24 | MOTION for Extension of Time to File Responsive Pleading to the Appellee's Motion to Dismiss by Johnny Ray Moore. (Fanelle, N.) (Entered: 07/02/2020) |
| 07/14/2020 | 25 | AMENDED NOTICE of Compliance by Johnny Ray Moore. (Fanelle, N.) (Entered: 07/15/2020) |
| 07/14/2020 | 26 | |

| | | |
|---|---|---|
| | | Amended Designation of Items by Johnny Ray Moore re 1 Bankruptcy Appeal to be included in Record on Appeal. (Fanelle, N.) (Entered: 07/15/2020) |
| 07/15/2020 | 27 | CORRECTED AMENDED NOTICE of Compliance by Johnny Ray Moore. (Fanelle, N.) (Entered: 07/17/2020) |
| 07/17/2020 | 28 | Transmission of Amended Bankruptcy Appeal Record re 1 Bankruptcy Appeal. (Fanelle, N.) (Entered: 07/17/2020) |
| 07/17/2020 | 29 | TRANSCRIPT of Proceedings in Bankruptcy Court: Type of Hearing: Confirmation Hearing and Dismissal of Case. Held on 1/16/2020 before Judge Julie A Manning. Court Reporter: Phyllis P. Corella. Unrestricted transcripts may be obtained from Bankruptcy Court. (Fanelle, N.) (Entered: 07/17/2020) |
| 07/17/2020 | 30 | USBC Transmittal Form (Fanelle, N.) (Entered: 07/17/2020) |
| 07/17/2020 | 31 | Appellant's Request for Judicial Notice by Johnny Ray Moore. (Fanelle, N.) (Entered: 07/20/2020) |
| 07/30/2020 | 32 | ORDER: The transcript of the hearing held in the Bankruptcy Court on January 16, 2020 will be available to the Appellant on the Bankruptcy Court docket on **September 2, 2020**. Accordingly, the 20 Motion for Extension of Time to file Appellant's Brief is **GRANTED in part**; the 21 Motion for Reconsideration of the Scheduling Order is **GRANTED in part**. The 24 Motion for Extension of Time to Respond to the 23 Motion to Dismiss is **GRANTED in part**. The Motion to Dismiss shall be considered simultaneously with the Appellant's substantive appeal. The Appellant's brief, to include any opposition to the Motion to Dismiss, is due on or before **October 2, 2020**. The Appellee's brief is due on or before **November 2, 2020**. The Appellant's reply brief is due on or before **November 16, 2020**. These dates shall not be further extended absent unforeseen and exceptional circumstances. Signed by Judge Kari A. Dooley on 7/30/2020. (D'Amato, Joseph) (Entered: 07/30/2020) |
| 09/18/2020 | 33 | MOTION for Leave to File Second Amended Statement of The Issues to be presented in conjunction with the Amended Designation of the Items to be presented on Appeal by Johnny Ray Moore. (Attachments: # 1 Proposed Second Amended Statement) (Fanelle, N.) (Entered: 09/21/2020) |
| 09/18/2020 | 34 | MOTION for Leave to File Additional Pages as to Appellant's Brief by Johnny Ray Moore. (Fanelle, N.) (Entered: 09/21/2020) |
| 09/23/2020 | 35 | Order granting 33 Motion to File Second Amended Statement of the Issues. The Court first observes that "'[t]he scope of the notice of appeal determines the subject matter jurisdiction of this Court[.]'" In re SageCrest II LLC, No. 3:16-CV-00021 (VAB), 2018 WL 1557249, at *7-8 (D. Conn. Mar. 30, 2018) (quoting In re Emanuel, 450 B.R. 1, 6 (S.D.N.Y. 2011)) (finding that bankruptcy court's decision regarding abstention was not before the district court because the decision identified in the notice of appeal did not address abstention). Accordingly, only those Bankruptcy Court orders identified in the Notice of Appeal (ECF No. 1) are before this Court. Those Orders are: (1) |

| | | |
|---|---|---|
| | | the March 10, 2020 Order dismissing the case with prejudice with a three-year bar to refiling; and (2) the May 6, 2020 Order denying Debtor's Motion for a New Trial (Dkt. Entry 147). (Id. at 1). The Appellant is further cautioned that this Court's jurisdiction is limited to reviewing the issues decided by the Bankruptcy Court based upon the record on appeal. *See O'Hara v. Napolitano*, No. 3:18-CV-01899 (JAM), 2019 WL 2066962, at *4 (D. Conn. May 10, 2019) (The district court's review "is limited to the record before the Bankruptcy Court."). Thus, the Court grants Appellant's motion to file the Second Amended Statement of Issues, but does not herein decide whether such issues fall within the subject matter jurisdiction of this Court or the scope of review defined by the issues decided by the Bankruptcy Court based upon the record on appeal. Signed by Judge Kari A. Dooley on 9/23/2020. (D'Amato, Joseph) (Entered: 09/23/2020) |
| 09/23/2020 | 36 | ORDER granting 34 Motion for Leave to File Additional Pages. The Appellant's brief may not exceed 45 pages in length. Signed by Judge Kari A. Dooley on 9/23/2020. (D'Amato, Joseph) (Entered: 09/23/2020) |
| 10/02/2020 | 37 | Appellant's OPENING BRIEF by Johnny Ray Moore. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4) (Fanelle, N.) (Entered: 10/05/2020) |
| 10/02/2020 | 38 | RESPONSE in Opposition to 23 First MOTION to Dismiss filed by Johnny Ray Moore. (Fanelle, N.) (Entered: 10/05/2020) |
| 10/02/2020 | 39 | NOTICE of Appellant's Transcript by Johnny Ray Moore. (Fanelle, N.) (Entered: 10/05/2020) |
| 11/02/2020 | 40 | Appellee's BRIEF by Roberta Napolitano. (Crook, Patrick) (Entered: 11/02/2020) |
| 11/06/2020 | 41 | MOTION for Extension of Time to File Reply Brief by Johnny Ray Moore. (Fanelle, N.) (Entered: 11/09/2020) |
| 11/10/2020 | 42 | ORDER granting 41 Motion for Extension of Time. The Appellant's reply brief is due on or before **December 30, 2020**. However, because the Appellant did not, as required under Local Rule 7(b), indicate whether counsel for the Appellees consent to the motion, this Order is subject to reconsideration if an objection is filed on or before **November 13, 2020**. Signed by Judge Kari A. Dooley on 11/10/2020. (D'Amato, Joseph) (Entered: 11/10/2020) |
| 11/12/2020 | 43 | MOTION for Leave to File a Supplemental Brief by Johnny Ray Moore. (Fanelle, N.) (Entered: 11/16/2020) |
| 11/16/2020 | 45 | MOTION to Withdraw 43 MOTION for Leave to File a Supplemental Brief by Johnny Ray Moore. (Fanelle, N.) (Entered: 11/18/2020) |
| 11/17/2020 | 44 | ORDER denying 43 Motion for Leave to File a Supplemental Brief. On June 26, 2020, Appellee JPMorgan filed its 23 Motion to Dismiss. Thereafter, on July 30, 2020, the Court issued an order noting that JPMorgan's Motion to Dismiss "shall be considered simultaneously with the Appellant's substantive appeal." (ECF No. 32). Therein, the Court also set a briefing schedule |

| | | |
|---|---|---|
| | | ordering Appellant to submit an Appellant's brief and to respond to JPMorgan's Motion to Dismiss on or before October 2, 2020. (*Id*.). On October 2, 2020, Appellant submitted his 37 Appellant's Brief and his 38 response to JPMorgan's Motion to Dismiss. Appellee JPMorgan did not file an appellee brief by the November 2, 2020 deadline. Accordingly, there is nothing for Appellant to reply to with respect to Appellee JPMorgan. *See* D. Conn. L. Civ. R. 7(d) ("A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies."). The Court recognizes that Appellee Chapter 13 Standing Trustee did file an 40 Appellee's Brief in compliance with the briefing schedule and that as previously ordered, Appellant's Reply to that brief is due by December 30, 2020. Signed by Judge Kari A. Dooley on 11/17/2020. (D'Amato, Joseph) (Entered: 11/17/2020) |
| 11/18/2020 | 46 | Order finding as moot 45 Motion to Withdraw in light of this Court's November 17, 2020 Order (ECF No. 44). Signed by Judge Kari A. Dooley on 11/18/2020. (D'Amato, Joseph) (Entered: 11/18/2020) |
| 12/16/2020 | 47 | MOTION for Emergency Preliminary Injunction by Johnny Ray Moore. Responses due by 1/6/2021 (Attachments: # 1 Memorandum of Law, # 2 Affidavit of Material Facts)(Fanelle, N.) (Entered: 12/17/2020) |
| 12/17/2020 | 48 | Order re 47 MOTION for Emergency Preliminary Injunction. In light of the time-sensitive nature of the relief sought in the Appellant's motion, any briefs in opposition shall be filed on or before **December 18, 2020 at 8:00 PM**. Signed by Judge Kari A. Dooley on 12/17/2020. (D'Amato, Joseph) (Entered: 12/17/2020) |
| 12/18/2020 | 49 | RESPONSE re 47 MOTION for Preliminary Injunction *statement of no position* filed by Roberta Napolitano. (Crook, Patrick) (Entered: 12/18/2020) |
| 12/19/2020 | 50 | ORDER denying 47 Motion for Preliminary Injunction. See attached Order. Signed by Judge Kari A. Dooley on 12/19/20. (Dooley, Kari) (Entered: 12/19/2020) |
| 12/22/2020 | 51 | MOTION for Extension of Time until February 16, 2020 to File a Reply Brief by Johnny Ray Moore. (Oliver, T.) (Entered: 12/23/2020) |
| 12/23/2020 | 52 | ORDER granting on consent 51 Motion for Extension of Time. The Appellant's reply brief is due on or before **February 16, 2021**. Signed by Judge Kari A. Dooley on 12/23/2020. (D'Amato, Joseph) (Entered: 12/23/2020) |
| 02/04/2021 | 53 | MOTION for Leave to File Additional Pages as to The Appellant's Reply Brief by Johnny Ray Moore. (Fanelle, N.) (Entered: 02/05/2021) |
| 02/05/2021 | 54 | ORDER granting 53 Motion for Leave to File Excess Pages. Appellant's reply brief shall not exceed 25 pages. Signed by Judge Kari A. Dooley on 2/5/2021. (D'Amato, Joseph) (Entered: 02/05/2021) |
| 02/16/2021 | 55 | Appellant's REPLY BRIEF by Johnny Ray Moore. (Fanelle, N.) (Entered: 02/17/2021) |
| 03/26/2021 | 56 | |

| | | |
|---|---|---|
| | | JUDICIAL NOTICE by Johnny Ray Moore. (Fanelle, N.) (Entered: 03/26/2021) |
| 05/26/2021 | 57 | MOTION for Leave to File a Supplement to Appellant's Reply Brief by Johnny Ray Moore. (Attachments: # 1 Proposed Supplement to Reply Brief, # 2 Appendix)(Fanelle, N.) (Additional attachment(s) added on 5/28/2021: # 3 Second Proposed Supplement to Reply Brief) (Fanelle, N.). (Entered: 05/26/2021) |
| 05/27/2021 | 58 | OBJECTION re 57 MOTION for Leave to File filed by JPMorgan Chase Bank, National Association. (St. Pierre, Linda) (Entered: 05/27/2021) |
| 05/28/2021 | 59 | ORDER denying 57 Motion for Leave to File a Supplement to Appellant's Reply Brief. Signed by Judge Kari A. Dooley on 5/28/2021. (D'Amato, Joseph) (Entered: 05/28/2021) |
| 05/28/2021 | 60 | RESPONSE to 58 OBJECTION re 57 MOTION for Leave to File by Johnny Ray Moore. (Fanelle, N.) (Entered: 06/01/2021) |
| 10/15/2021 | 61 | ORDER OF TRANSFER. Case reassigned to Judge Sarah A. L. Merriam for all further proceedings.<br>Signed by Clerk on 10/15/2021.(Anastasio, F.) (Entered: 10/15/2021) |
| 10/19/2021 | 62 | OBJECTION to Clerk's Transfer of Appeal to New Haven Division; MOTION for Appeal to be Transferred Back to the Proper Venue by Johnny Ray Moore. (Fanelle, N.) (Entered: 10/20/2021) |
| 10/20/2021 | 64 | Corrected CERTIFICATE OF SERVICE by Johnny Ray Moore re 62 Objection and MOTION to Transfer/Disqualify/Recuse Judge (Nuzzi, Tiffany) (Entered: 10/22/2021) |
| 10/21/2021 | 63 | ORDER. The 62 Objection to Clerk's Transfer of Appeal is OVERRULED and the 62 Motion for Appeal to be Transferred Back to the Proper Venue is DENIED.<br>On October 15, 2021, this matter was transferred to the undersigned. See Doc. #61. Appellant objects to that transfer, contending that the Clerk of the Court has transferred this case "to New Haven, where venue is not proper." Doc. # 62 at 3. Appellant asserts his belief "that the only reason that his appeal would be transferred, is solely so that it can be dismissed for improper venue." Id. As an initial matter, despite Appellant's assertions, this matter has not been transferred to a different division of the District of Connecticut. The District of Connecticut is a single district. Although there are three geographically separate seats of court in the District, there are no separate divisions. Accordingly, there has been no change in venue by virtue of the transfer to the undersigned.<br>Additionally, it is well settled that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016); accord Emamian v. Rockefeller Univ., 971 F.3d 380, 391 (2d Cir. 2020). The transfer of this case to the undersigned falls well within that inherent authority.<br>Accordingly, the 62 Objection to Clerk's Transfer of Appeal is OVERRULED |

| | | |
|---|---|---|
| | | and the 62 Motion for Appeal to be Transferred Back to the Proper Venue is DENIED. Signed by Judge Sarah A. L. Merriam on 10/21/2021. (Katz, S.) (Entered: 10/21/2021) |
| 10/28/2021 | 65 | MOTION for Reconsideration re 63 Order on Motion to Transfer/Disqualify/Recuse Judge by Johnny Ray Moore. (Attachments: # 1 Memorandum in Support)(Oliver, T.) (Entered: 10/29/2021) |
| 11/01/2021 | 66 | CORRECTED MOTION for Reconsideration re 63 Order on Motion to Transfer/Disqualify/Recuse Judge by Johnny Ray Moore. (Attachments: # 1 Memorandum in Support) (Oliver, T.) (Entered: 11/01/2021) |
| 11/02/2021 | 67 | ORDER. Plaintiff's 65 Motion for Reconsideration is TERMINATED, as moot, in light of plaintiff having filed the 66 Corrected Motion for Reconsideration. It is so ordered. Signed by Judge Sarah A. L. Merriam on 11/2/2021. (Katz, S.) (Entered: 11/02/2021) |
| 11/02/2021 | 68 | ORDER denying 66 Corrected Motion for Reconsideration.<br>Pursuant to the Local Rules: "Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. L. Civ. R. 7(c)(1). Three grounds can justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).<br>Appellant presents no legitimate grounds for reconsideration. As previously stated, this case remains within the District of Connecticut. There are no separate divisions within this District. Venue remains in the District of Connecticut. See Doc. #63. The transfer of this matter to the undersigned was entirely appropriate and within the Court's "inherent authority to manage [its] docket[]... with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016).<br>It is so ordered. Signed by Judge Sarah A. L. Merriam on 11/2/2021. (Katz, S.) (Entered: 11/02/2021) |
| 02/16/2022 | 69 | MEMORANDUM OF DECISION AND ORDER. For the reasons stated in the attached Memoandum of Decision and Order, the Court AFFIRMS the orders of the Bankruptcy Court, and JPMorgan's 23 Motion to Dismiss is TERMINATED, as moot.<br>The Clerk of the Court shall close this case. Signed by Judge Sarah A. L. Merriam on 2/16/2022. (Katz, S.) (Entered: 02/16/2022) |
| 02/16/2022 | 70 | JUDGMENT entered in favor of Bank of New York Mellon, JPMorgan Chase Bank, National Association, MEB Loan Trust IV, MERCORP Holdings Inc, Mortgage Electronic Registration Systems, Inc., Towd Point Master Funding Trust, U.S. Bank National Association, U.S. Trustee, Roberta Napolitano against Johnny Ray Moore.<br><br>For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms<br>Signed by Clerk on 2/16/2022.(Caffrey, A.) (Entered: 02/16/2022) |
| | | |

| Date | Doc # | Description |
|---|---|---|
| 02/16/2022 | | JUDICIAL PROCEEDINGS SURVEY - FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey<br>(Caffrey, A.) (Entered: 02/16/2022) |
| 03/01/2022 | 71 | MOTION for Extension of Time for 30 days to file a Notice of Appeal by Johnny Ray Moore. (Oliver, T.) (Entered: 03/01/2022) |
| 03/04/2022 | 72 | ORDER granting 71 Motion for Extension of Time for 30 days to file a Notice of Appeal. Any Notice of Appeal **must** by filed by **April 16, 2022**, or Mr. Moore may entirely lose his right to appeal. See Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."); see also In re Indu Craft, Inc., 749 F.3d 107, 111-12 (2d Cir. 2014) ("Because Rule 6(b)(1) incorporates Rule 4(a)(1)(A), a party appealing from a final judgment, order, or decree of a district court or bankruptcy appellate panel to a court of appeals has 30 days to appeal from entry of the order or judgment. This requirement is mandatory: if an opposing party properly objects to the untimeliness of the appeal, a court must apply the time limitation and dismiss the appeal." (citation omitted)).<br><br>**No further extensions of this deadline will be granted**.<br><br>It is so ordered. Signed by Judge Sarah A. L. Merriam on 3/4/2022. (Katz, S.) (Entered: 03/04/2022) |
| 04/15/2022 | 73 | NOTICE OF APPEAL as to 70 Judgment, 69 Order on Motion to Dismiss, by Johnny Ray Moore. (Fanelle, N.) (Entered: 04/15/2022) |